■ In the Matter of JOHN PARK, Respondent, v JOHN A. KAPICA et al., Appellants. [808 NYS2d 429]—

In a proceeding pursuant to CPLR article 78, the appeal is from so much of a judgment of the Supreme Court, Westchester County (Lange, J.), dated June 23, 2004, as granted the petition and directed the Town of Greenburgh not to recoup General Municipal Law § 207-c benefits paid to the petitioner which accrued up to August 4, 2003.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Under General Municipal Law § 207-c, a city, town, village, or fire district is required to pay a police officer who is injured while performing his duty the "full amount of his regular salary or wages until his disability arising therefrom has ceased" (General Municipal Law § 207-c [1]). The statute is remedial in nature and is intended to provide a benefit, among others, to

police officers, and thus the courts have determined that it is to be construed liberally in their favor (*see Matter of Mashnouk v Miles*, 55 NY2d 80, 88 [1982]; *Matter of Curley v Dilworth*, 96 AD2d 903, 904 [1983]).

Furthermore, the right of a disabled police officer to receive disability benefits under General Municipal Law § 207-c is a property interest giving rise to procedural due process protection under the Fourteenth Amendment to the Constitution of the United States before those benefits are terminated (*see Matter of City of Cohoes [Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO]*, 94 NY2d 686, 691 [2000]). As a result, the Supreme Court properly determined that the Town was not entitled retroactively to recoup General Municipal Law § 207-c benefits that it provided to the petitioner before August 4, 2003, the date after the conclusion of the due process hearing when the petitioner had been directed to return to work. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.