[864 NE2d 1284, 832 NYS2d 885]

In the Matter of JOHN PARK, Appellant, v JOHN A. KAPICA, as Police Chief of the Town of Greenburgh, et al., Respondents.

In the Matter of JOHN PARK, Respondent, v JOHN A. KAPICA, as Police Chief of the Town of Greenburgh, et al., Appellants.

Argued February 7, 2007; decided March 27, 2007

## POINTS OF COUNSEL

*Thomas J. Troetti,* White Plains, for appellant in the first above-entitled proceeding. The Appellate Division erred when it held that Sergeant Park's General Municipal Law § 207-c due process hearing could be delegated to a hearing officer pursuant to the provisions of Civil Service Law § 75 (2), which statute is superseded by the provisions of the special legislation of the Westchester County Police Act, which prohibits such delegation

of hearing authority specifically reserved to the local board of police commissioners. (*Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown,* 149 AD2d 516; *Matter of Nieves v Haera,* 165 AD2d 201; *Matter of Burbridge v Miele,* 214 AD2d 669; *Matter of Steinmann v Village of Spring Val.,* 261 AD2d 548; *Abate v Mundt,* 25 NY2d 309, 403 US 182; *Matter of Town of Greenburgh [Police Assn. of Town of Greenburgh],* 94 AD2d 771, 60 NY2d 551; *Matter of Wiggins v Board of Educ. of City of N.Y.,* 60 NY2d 385; *Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967, 49 NY2d 708; *Matter of Curley v Dilworth,* 96 AD2d 903; *Matter of Shields v Guido,* 97 AD2d 849.)

*Law Office of Vincent Toomey,* Lake Success (*Vincent Toomey* and *Christine A. Gaeta* of counsel), for respondents in the first above-entitled proceeding. The court below properly held that in town police departments within Westchester County, General Municipal Law § 207-c hearings are not required to be held before the town board and that such hearings can be conducted by a hearing officer unilaterally appointed by the municipality. (*Matter of White v County of Cortland,* 97 NY2d 336; *Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967, 49 NY2d 708; *Matter of Curley v Dilworth,* 96 AD2d 903; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *Matter of Fedorczak v Dolce,* 202 AD2d 668; *Schroeder v City of New York,* 371 US 208; *Matter of Hurwitz v Perales,* 81 NY2d 182; *Mathews v Eldridge,* 424 US 319; *Matter of Rockland County Patrolmen's Benevolent Assn. v Town of Clarkstown,* 149 AD2d 516; *Matter of Nieves v Haera,* 165 AD2d 201.)

*Donna M.C. Giliberto,* Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae in the first above-entitled proceeding. I. The benefit available under General Municipal Law § 207-c is a significant one. (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of Lynch v South Nyack/Grand View Police Dept.,* 276 AD2d 63; *Matter of Burrows [City of Newburgh—Commissioner of Labor],* 31 AD3d 1094; *Matter of Graham v State Tax Commn.,* 48 AD2d 444, 40 NY2d 889.) II. A decision which would deprive an individual of a previously granted governmental benefit requires an opportunity to be heard. (*Board of Regents of State Colleges v Roth,* 408 US 564; *Town of Castle Rock v Gonzales,* 545 US 748; *Matter of Crawford v Sheriff's Dept., Putnam County,* 152 AD2d 382; *Matter of Uniform Firefighters of Co-*

*hoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *Matter of Stewart v County of Albany,* 300 AD2d 984; *Matter of Heck v Keane,* 6 AD3d 95; *Matter of Heisler v City of Buffalo,* 11 AD3d 998.) III. The statute is silent as to whether a hearing must be provided if benefits are to be terminated, who should make municipal decisions, and who should hear a challenge to a decision. (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *Matter of Crawford v Sheriff's Dept., Putnam County,* 152 AD2d 382; *Matter of Stewart v County of Albany,* 300 AD2d 984; *Matter of House v New York State Off. of Mental Health,* 262 AD2d 929; *Matter of Prue v Hunt,* 78 NY2d 364.) IV. The designation of an individual to hear an appeal of a municipal General Municipal Law § 207-c determination assures an important due process element. (*People ex rel. Packwood v Riley,* 232 NY 283; *Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833; *Matter of Elliot v Goord,* 267 AD2d 968; *Matter of Di Giacomo v Ames,* 72 AD2d 562; *Matter of Aiello v Tempera,* 65 AD2d 791; *Cirasuolo v Hasenauer,* 64 AD2d 860; *Matter of Waters v McGinnis,* 29 AD2d 969.) V. A statute referring to a disciplinary proceeding has no bearing upon a General Municipal Law § 207-c hearing.

*Law Office of Vincent Toomey,* Lake Success (*Vincent Toomey* and *Christine A. Gaeta* of counsel), for appellants in the second above-entitled proceeding. I. A police officer has no property interest in the continued receipt of General Municipal Law § 207-c benefits after he has been determined to be fit for duty. (*Matter of Schenectady County Sheriff's Benevolent Assn. v McEvoy,* 124 AD2d 911; *Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of Poughkeepsie Professional Firefighters' Assn., Local 596, IAFF, AFL-CIO-CLC v New York State Pub. Empl. Relations Bd.,* 16 AD3d 797; *Board of Regents of State Colleges v Roth,* 408 US 564; *Cleveland Bd. of Ed. v Loudermill,* 470 US 532; *Matter of Daxor Corp. v State of N.Y. Dept. of Health,* 90 NY2d 89; *Matter of Medicon Diagnostic Labs. v Perales,* 74 NY2d 539; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967, 49 NY2d 708; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 196 AD2d 171, 85 NY2d 480.) II. The hearing afforded to John Park satisfied due process requirements because it provided him notice and an opportunity to be heard on the issue. (*Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967, 49 NY2d 708; *Matter of*

*Laudico v Netzel,* 254 AD2d 811; *Matter of De John v Town of Frankfort,* 209 AD2d 938; *Matter of Curley v Dilworth,* 96 AD2d 903; *Schroeder v City of New York,* 371 US 208; *Matter of Hurwitz v Perales,* 81 NY2d 182; *Cleveland Bd. of Ed. v Loudermill,* 470 US 532; *Mathews v Eldridge,* 424 US 319; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *Board of Regents of State Colleges v Roth,* 408 US 564.) III. The recoupment of erroneous overpayments of government funds is a common practice confirmed by many courts and is not prohibited by the Constitution. (*Matter of Schwartfigure v Hartnett,* 83 NY2d 296; *Matter of Leirer v Caputo,* 81 NY2d 455; *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Matter of Mayflower Nursing Home v Office of Health Sys. Mgt. of Dept. of Health of State of N.Y.,* 88 AD2d 192, 59 NY2d 935; *Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 476 US 1115; *King v Town of Wallkill,* 302 F Supp 2d 279; *County of Westchester v Sheehan,* 292 AD2d 486; *Matter of County of Westchester v Westchester County Correction Officers Benevolent Assn.,* 278 AD2d 414, 96 NY2d 708; *Matter of Farber v City of Utica,* 1 AD3d 942; *Califano v Yamasaki,* 442 US 682.) IV. The clear and unambiguous language of General Municipal Law § 207-c provides that the statutory benefits will end when the disability ceases and/or the officer refuses light duty, and does not prohibit recoupment by the municipality. (*Matter of Grand Jury Subpoena Duces Tecum Served on Museum of Modern Art,* 93 NY2d 729; *People v McFadden,* 205 AD2d 560; *People v Floyd J.,* 61 NY2d 895; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 196 AD2d 171, 85 NY2d 480; *Goglia v Sardino,* 119 Misc 2d 907, 101 AD2d 1013, 64 NY2d 1084; *Matter of De-Poalo v County of Schenectady,* 85 NY2d 527; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *King v City of Newburgh,* 84 AD2d 388; *Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967, 49 NY2d 708; *Matter of Curley v Dilworth,* 96 AD2d 903.)

*Thomas J. Troetti,* White Plains, for respondent in the second above-entitled proceeding. I. There is nothing in the language of General Municipal Law § 207-c which authorized respondents to retroactively divest Sergeant Park of the statutorily mandated benefits he had received. (*Matter of Hodella v Chief of Police of Town of Greenburgh,* 73 AD2d 967; *Goglia v Sardino,* 119 Misc 2d 907, 101 AD2d 1013, 64 NY2d 1084; *Matter of Prue v Hunt,* 78 NY2d 364; *Matter of Uniform Firefighters of Cohoes, Local*

*2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686; *Cleveland Bd. of Ed. v Loudermill,* 470 US 532; *Matter of Crawford v Sheriff's Dept., Putnam County,* 152 AD2d 382, 76 NY2d 704; *Matter of Laudico v Netzel,* 254 AD2d 811; *Matter of Dacey v County of Dutchess,* 121 AD2d 536; *Matter of DePoalo v County of Schenectady,* 85 NY2d 527; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 196 AD2d 171.) II. Because there was no right to retroactively divest a police officer of General Municipal Law § 207-c benefits, the salary received by Sergeant Park was not an erroneous payment of public funds which respondents were entitled to recoup. (*County of Westchester v Sheehan,* 292 AD2d 486; *Matter of Farber v City of Utica,* 1 AD3d 942; *Califano v Yamasaki,* 442 US 682; *Matter of Schwartfigure v Hartnett,* 83 NY2d 296; *Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30; *Matter of Leirer v Caputo,* 81 NY2d 455; *King v Town of Wallkill,* 302 F Supp 2d 279.) III. Respondents' appeal should be dismissed because this Court is without jurisdiction to entertain respondents' claimed right to appeal, on constitutional grounds, pursuant to CPLR 5601 (b) (1). (*Matter of Shannon B.,* 70 NY2d 458; *Matter of Barbara C.,* 64 NY2d 866; *Lichtman v Grossbard,* 73 NY2d 792; *Melahn v Hearn,* 60 NY2d 944; *Matter of Eagle v Paterson,* 57 NY2d 831; *Barber v Dembrowski,* 54 NY2d 648; *Matter of Schulz v State of New York,* 81 NY2d 336; *Matter of Skenesborough Stone v Village of Whitehall,* 95 NY2d 902; *Bingham v New York City Tr. Auth.,* 99 NY2d 355; *Matter of Mingo v Pirnie,* 55 NY2d 1019.)

*Donna M.C. Giliberto,* Albany, for New York State Conference of Mayors and Municipal Officials, amicus curiae in the second above-entitled proceeding. I. The benefit available under General Municipal Law § 207-c is a significant one. (*Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.,* 95 NY2d 73; *Matter of Lynch v South Nyack/Grand View Police Dept.,* 276 AD2d 63; *Matter of Burrows [City of Newburgh—Commissioner of Labor],* 31 AD3d 1094; *Matter of Graham v State Tax Commn.,* 48 AD2d 444, 40 NY2d 889.) II. A recipient of General Municipal Law § 207-c benefits who challenges a municipal decision under the statute must be afforded an opportunity to be heard. (*Board of Regents of State Colleges v Roth,* 408 US 564; *Town of Castle Rock v Gonzales,* 545 US 748; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes,* 94 NY2d 686.) III. While a municipality should be allowed to terminate General Municipal Law § 207-c payments when an administrative decision is reached, the issue in this litigation

should be resolved on the principle of equity. (*Matter of Jefferson v Bronx Psychiatric Ctr.*, 55 NY2d 69; *Matter of Milan v Trico Prods. Corp.*, 53 NY2d 867; *Matter of Lynch v Board of Educ. of City of N.Y.*, 3 NY2d 871; *Matter of Gamma v Ferrara*, 274 AD2d 479.)

*Tuttle Law Firm*, Latham (*James B. Tuttle* of counsel), for Police Conference of New York, Inc., amicus curiae in the first and second above-entitled proceedings. I. A retroactive right of recoupment of General Municipal Law § 207-c benefits paid would violate the established principle that section 207-c benefits constitute a property interest giving rise to procedural due process protections under the Fourteenth Amendment to the United States Constitution before they can be terminated. (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686; *Matter of DePoalo v County of Schenectady*, 85 NY2d 527; *Cleveland Bd. of Ed. v Loudermill*, 470 US 532; *Matter of Prue v Hunt*, 78 NY2d 364; *Goglia v Sardino*, 119 Misc 2d 907; *Mathews v Eldridge*, 424 US 319; *Gilbert v Homar*, 520 US 924; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations. Bd.*, 85 NY2d 480; *Matter of Crawford v Sheriff's Dept., Putnam County*, 152 AD2d 382, 76 NY2d 704.) II. The court below incorrectly concluded that the due process hearing provided to Sergeant Park which was carried out in accordance with the procedures of section 75 of the Civil Service Law was sufficient. (*Matter of Hodella v Chief of Police of Town of Greenburgh*, 73 AD2d 967, 49 NY2d 708; *Matter of Curley v Dilworth*, 96 AD2d 903; *Matter of Shields v Guido*, 97 AD2d 849; *Matter of Hamilton v City of Schenectady*, 210 AD2d 843; *Matter of Meehan v County of Tompkins*, 219 AD2d 774.)

## OPINION OF THE COURT

PIGOTT, J.

Petitioner, John Park, a police officer employed by the Town of Greenburgh, underwent surgery in June 2002 as the result of an injury he sustained while in the line of duty. He was certified disabled from his duties pursuant to General Municipal Law § 207-c (1), which states that a police officer injured in the line of duty must be paid by his municipal employer "the full amount of his regular salary or wages until his disability arising therefrom has ceased."

In March 2003, the Town's medical examiner concluded that Park could return to work in a sedentary capacity. Park's

supervisor, Greenburgh Chief of Police John A. Kapica, directed him to return to light duty starting April 21, 2003. Park objected to the medical examiner's determination, submitted a report from his treating physician indicating that he had a "permanent total disability" and requested a hearing on the issue of his ability to return to work. The Town Board appointed a hearing officer and a hearing was scheduled to determine the extent of Park's disability. However, before the hearing could be held, Park commenced a CPLR article 78 proceeding (Proceeding No. 1) objecting to the Town's appointment of a hearing officer and seeking a stay of the hearing on the ground that, pursuant to section 7 of the Westchester County Police Act (WCPA) (L 1936, ch 104, as amended by L 1941, ch 812, § 1), any hearing had to be conducted before the Town Board.[1]

Supreme Court denied Park's application to stay the hearing; nevertheless, Park refused to participate in the hearing, which proceeded on the date scheduled with Park in absentia. The Hearing Officer concluded that Park was fit to return to light duty, that his refusal to do so was without justification, and that the Town could recoup any section 207-c benefits paid to Park from April 21, 2003 until such time as he returned to work. Kapica directed Park to begin his light-duty assignment on August 4, 2003, but rather than return to work, Park retired on August 26, 2003.

On October 20, 2003, Supreme Court dismissed the petition, holding that the Town's appointment of the Hearing Officer was proper. The Appellate Division affirmed, adding that "[t]he procedures for terminating disability payments under General Municipal Law § 207-c must be read in conjunction with Civil Service Law § 75" (25 AD3d 801, 801 [2006]).[2]

Following the dismissal of the petition in Proceeding No. 1, Park commenced a second article 78 proceeding (Proceeding No. 2) seeking, among other things, the annulment of the Hearing Officer's determination that the Town could recoup section

---

**1.** Section 7 of the WCPA, entitled "Discipline and charges," states that no member of a police department "shall be fined, reprimanded, removed or dismissed" until the charges have been investigated, and further provides that the trial of those charges "shall not be delegated and must be heard before the full town board or full board of police commissioners."

**2.** Civil Service Law § 75, entitled "Removal and other disciplinary action," delineates certain due process procedures for "person[s] against whom removal or other disciplinary action is proposed" and, in particular, allows the delegation of evidentiary hearings to "a deputy or other person designated" (Civil Service Law § 75 [2]).

207-c benefits paid to him. Supreme Court granted the petition, ruling that the Town had no authority to recoup payments made to Park prior to the Hearing Officer's finding that he was fit for light duty. The Appellate Division again affirmed, holding that the Town could not recoup section 207-c benefits paid to Park "before August 4, 2003, the date after the conclusion of the due process hearing when [Park] had been directed to return to work" (25 AD3d 802, 803 [2006]).

We now affirm the order of the Appellate Division in Proceeding No. 1, albeit on a different ground, and also affirm the order of the Appellate Division in Proceeding No. 2.

Pursuant to General Municipal Law § 207-c, municipalities meeting certain population criteria are directed to pay continued salary or wages to officers who sustain a disability in the course of their employment. The continued receipt of section 207-c disability payments is not absolute, however. A municipality is entitled to its own medical examination of its employee (*see* General Municipal Law § 207-c [1]); and if, in that physician's opinion the officer can perform "specified types of light police duty," payment of the full amount of salary or wages may be discontinued should the officer refuse to return to work if a light-duty assignment "is available and offered to him" (General Municipal Law § 207-c [3]).

The right of a disabled officer to receive section 207-c disability payments constitutes "a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated," and a due process hearing is triggered when an officer on section 207-c status submits evidence from his treating physician supporting the officer's claim of "continued total disability" (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691, 692 [2000] [pursuant to the analogous provision General Municipal Law § 207-a, firefighters who contest a light-duty determination are entitled to a due process hearing]).

## Proceeding No. 1

At issue on the appeal in Proceeding No. 1 is Park's claim that the Town improperly followed Civil Service Law § 75 by delegating Park's section 207-c hearing to a hearing officer instead of following section 7 of the WCPA. Civil Service Law § 75 and section 7 of the WCPA, however, apply to disciplinary actions. Because Park was not subject to discipline or to the

threat of termination for contesting the medical examiner's light-duty determination, neither of those sections applies. Therefore, the Appellate Division erred in stating that Civil Service Law § 75 should be "read in conjunction with" General Municipal Law § 207-c, a holding that implies that all due process hearings pursuant to section 207-c must comply with Civil Service Law § 75. Such is not the case. We are concerned here solely with whether Park was afforded due process in contesting the medical examiner's determination, which bears no relation to a disciplinary proceeding. Nonetheless, we affirm the order of the Appellate Division because the procedure employed by the Town concerning Park's challenge to the medical examiner's light-duty determination comported with procedural due process.

We have previously stated that section 207-c provides no definitive procedure that must be followed, and that such procedures may be the subject of collective bargaining (see Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 80-81 [2000]). The parties here have not collectively bargained a procedure to be followed when an officer contests a light-duty determination. Therefore, the Town was free to fashion a hearing remedy so long as its procedure afforded Park due process.

Here, Park's interest in the continued receipt of disability benefits was adequately protected by the Town's due process procedure. Although he chose not to participate in the hearing, he was nevertheless given the opportunity to contest the medical examiner's light-duty determination by presenting his own witnesses and cross-examining the Town's witnesses. Moreover, the Town did not terminate his disability benefits at any time prior to his hearing. Therefore, while we affirm the Appellate Division's order in Proceeding No. 1, we do so on the ground that the procedure followed by the Town sufficiently met the dictates of due process.

## Proceeding No. 2

The appeal in Proceeding No. 2 brings up for review the issue whether the Town is entitled to recoup section 207-c payments made to Park between April 21, 2003, the date he was initially directed to begin his light-duty assignment, and August 4, 2003, the date he was directed to begin his light-duty assignment after the Hearing Officer affirmed the medical examiner's findings. We hold that it is not.

There is no provision in section 207-c allowing the recoupment of disability payments made to an officer who is later found to be able to work (*see e.g.*, *Matter of DePoalo v County of Schenectady*, 85 NY2d 527, 532 [1995]; *see also Matter of Uniform Firefighters of Cohoes*, 94 NY2d at 693). A municipality may discontinue disability payments once its medical examiner finds that the officer can perform a light-duty assignment *and* the officer "refuse[s] to perform" that duty (General Municipal Law § 207-c [3]). Should an officer refuse to return to work and fail to provide medical proof that he is unable to do so, the medical examiner's opinion is dispositive and disability payments may be discontinued without a hearing (*id.*). However, a municipality is not permitted to *recoup* section 207-c payments where, as here, the officer avails himself of due process protections by challenging the medical examiner's determination because such a challenge cannot be equated with a refusal to return to duty. We rest our conclusion solely on our reading of the applicable statutes, and do not suggest that there would be any constitutional bar to a recoupment of benefits in a situation like this one, had the Legislature so provided.

Accordingly, the orders of the Appellate Division in Proceeding Nos. 1 and 2 should be affirmed, with costs.

Chief Judge Kaye and Judges Ciparick, Graffeo, Read and Smith concur; Judge Jones taking no part.

In each case: Order affirmed, with costs.