■ In the Matter of CHRISTOPHER LAIRD, Petitioner, v VILLAGE OF PELHAM MANOR et al., Respondents. [916 NYS2d 643]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Pelham Manor dated April 13, 2009, which adopted the recommendation of a hearing officer dated February 24, 2009, made after a hearing, affirming the denial of the petitioner's application for benefits pursuant to General Municipal Law § 207-c.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed, with costs.

The petitioner's union and the Village of Pelham Manor entered into a collective bargaining agreement (hereinafter the CBA), which set forth specific procedures for injured police officers to apply for benefits pursuant to General Municipal Law § 207-c. Among other things, the CBA included agreed-upon procedures for the filing of an application for benefits, the determination made on the application submitted, and the review of such a determination. The CBA specified that the process to review determinations was also applicable in instances in which the application for benefits was denied on the ground that the applicant failed to comply with the agreed-upon procedures.

Here, it is undisputed that the petitioner failed to file his application for General Municipal Law § 207-c benefits within the time frame set forth in the CBA. After his application was denied as untimely, the respondents followed the review procedure set forth in the CBA. Under the terms of the CBA, the petitioner was afforded a hearing and given the opportunity to demonstrate that he had credible reasons for failing to file the application within the agreed-upon period (*see Matter of Park v Kapica*, 8 NY3d 302, 310 [2007]; *Matter of Uniform Firefighters*

*of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691-692 [2000]; *cf. Matter of McMahon v Board of Trustees of Vil. of Pelham Manor*, 1 AD3d 363 [2003]). The Village Board of Trustees (hereinafter the Board of Trustees) rejected the petitioner's contentions, and affirmed the denial of his request for benefits.

The petitioner then commenced the instant proceeding pursuant to CPLR article 78 in the Supreme Court, Westchester County, seeking to challenge the determination of the Board of Trustees. In an order entered November 17, 2009, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g). Although the Supreme Court should not have transferred the proceeding since the challenged determination was not made as a result of a hearing held "pursuant to direction by law" (CPLR 7803 [4]; *see Matter of McTigue v Town of Clarkstown*, 21 AD3d 374, 375 [2005]; *see also Matter of Ridge Rd. Fire Dist. v Schiano*, 41 AD3d 1219, 1220 [2007], *lv granted* 14 NY3d 712 [2010]; *cf. Matter of Kempkes v Downey*, 53 AD3d 547 [2008]), since the full record is now before us, we will decide the proceeding on the merits in the interest of judicial economy (*see Matter of Halperin v City of New Rochelle*, 24 AD3d 768, 772-773 [2005]).

Contrary to the petitioner's contention, the determination affirming the denial of his application was rationally based (*see Matter of Martino v County of Albany*, 47 AD3d 1052 [2008]; *Matter of Pantina-Bott v Incorporated Vil. of Freeport*, 29 AD3d 592 [2006]; *Matter of O'Hara v Bigger*, 228 AD2d 507 [1996]). The record reflects that the petitioner was a member of the committee that was involved in negotiating the terms of the CBA, that the proper application forms were maintained by the Chief of Police of the Village of Pelham Manor and available upon request, and that other police officers, in the past, had followed the procedure and been granted disability status.

The petitioner's remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.