In the Matter of THOMAS C. ZEMBIEC, Respondent, v COUNTY OF MONROE, Appellants. (Appeal No. 1.) [929 NYS2d 924]—

Memorandum: Petitioner, an employee of respondent Monroe County Sheriff's Department, commenced this proceeding seeking, inter alia, to annul the determination that he is not entitled

to disability benefits. Respondents appeal and petitioner cross-appeals from an amended judgment granting those parts of the petition seeking benefits pursuant to General Municipal Law § 207-c from August 12, 2008 through June 15, 2009 as well as petitioner's regular pay from June 15, 2009 through March 25, 2010. Pursuant to General Municipal Law § 207-c, a sheriff, undersheriff, deputy sheriff or correction officer (hereafter, officer) who is injured in the performance of his or her duties or who has become ill as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment is entitled to specified benefits. The statute does not require that a qualified employee demonstrate that his or her disability "is related in a substantial degree" to the employee's job duties (*Matter of White v County of Cortland*, 97 NY2d 336, 339 [2002]). "Rather, consistent with a liberal reading of section 207-c, a qualified [employee] need only prove a direct causal relationship between job duties and the resulting illness or injury" (*id.* at 340). Here, Supreme Court properly concluded that the denial of benefits for the period from August 12, 2008 to June 15, 2009 was arbitrary and capricious, because petitioner established the requisite direct causal relationship between his job duties and his resulting illness (*see Matter of D'Accursio v Monroe County*, 74 AD3d 1908, 1908-1909 [2010], *lv denied* 15 NY3d 710 [2010]). The court erred, however, in awarding petitioner his regular pay from June 15, 2009 through March 25, 2010, and we therefore modify the amended judgment accordingly. The record establishes that, as of June 15, 2009, petitioner was required to report for a modified duty assignment but did not do so. The statute provides for the termination of benefits upon an employee's refusal to return to work to perform a light duty assignment "consistent with his status as [an officer]" (General Municipal Law § 207-c [3]). Thus, petitioner did not have the right to an award of regular pay from June 15, 2009 through March 25, 2010 after he failed to report to work (*see Matter of Park v Kapica*, 8 NY3d 302 [2007]). Although "a municipality is not permitted to *recoup* section 207-c payments where . . . the officer avails himself of due process protections by challenging the medical examiner's determination because such a challenge cannot be equated with a refusal to return to duty" (*id.* at 312), that was not the case here. Present—Smith, J.P., Centra, Carni, Green and Martoche, JJ.