# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

983

CA 11-00330

PRESENT: SMITH, J.P., CENTRA, CARNI, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF THOMAS C. ZEMBIEC,
PETITIONER-RESPONDENT-APPELLANT,

V                                     MEMORANDUM AND ORDER

COUNTY OF MONROE, MONROE COUNTY SHERIFF'S
DEPARTMENT, PATRICK O'FLYNN, SHERIFF,
MONROE COUNTY SHERIFF'S DEPARTMENT,
IN HIS OFFICIAL AND INDIVIDUAL CAPACITY,
AND UNDERSHERIFF GARY CAIOLA, IN HIS
OFFICIAL AND INDIVIDUAL CAPACITY,
RESPONDENTS-APPELLANTS-RESPONDENTS.
(APPEAL NO. 2.)

---

DAVID VAN VARICK, COUNTY ATTORNEY, ROCHESTER (JAMES L. GELORMINI OF
COUNSEL), FOR RESPONDENTS-APPELLANTS-RESPONDENTS.

CHRISTINA A. AGOLA, PLLC, ROCHESTER (CHRISTINA A. AGOLA OF COUNSEL),
FOR PETITIONER-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------------------------

Appeal and cross appeal from an amended judgment of the Supreme
Court, Monroe County (Harold L. Galloway, J.), entered May 18, 2010 in
a proceeding pursuant to CPLR article 78. The amended judgment, among
other things, granted those parts of the petition seeking benefits
pursuant to General Municipal Law § 207-c from August 12, 2008 through
June 15, 2009 as well as petitioner's regular pay from June 15, 2009
through March 25, 2010.

It is hereby ORDERED that the amended judgment so appealed from
is unanimously modified on the law by denying that part of the
petition seeking an award of regular pay from June 15, 2009 through
March 25, 2010 and vacating that award and as modified the amended
judgment is affirmed without costs.

Memorandum: Petitioner, an employee of respondent Monroe County
Sheriff's Department, commenced this proceeding seeking, inter alia,
to annul the determination that he is not entitled to disability
benefits. Respondents appeal and petitioner cross-appeals from an
amended judgment granting those parts of the petition seeking benefits
pursuant to General Municipal Law § 207-c from August 12, 2008 through
June 15, 2009 as well as petitioner's regular pay from June 15, 2009
through March 25, 2010. Pursuant to General Municipal Law § 207-c, a
sheriff, undersheriff, deputy sheriff or correction officer
(hereafter, officer) who is injured in the performance of his or her

duties or who has become ill as a result of the performance of his duties so as to necessitate medical or other lawful remedial treatment is entitled to specified benefits. The statute does not require that a qualified employee demonstrate that his or her disability "is related in a substantial degree" to the employee's job duties (*Matter of White v County of Cortland*, 97 NY2d 336, 339). "Rather, consistent with a liberal reading of section 207-c, a qualified [employee] need only prove a direct causal relationship between job duties and the resulting illness or injury" (*id.* at 340). Here, Supreme Court properly concluded that the denial of benefits for the period from August 12, 2008 to June 15, 2009 was arbitrary and capricious, because petitioner established the requisite direct causal relationship between his job duties and his resulting illness (*see Matter of D'Accursio v Monroe County*, 74 AD3d 1908, 1908-1909, *lv denied* 15 NY3d 710). The court erred, however, in awarding petitioner his regular pay from June 15, 2009 through March 25, 2010, and we therefore modify the amended judgment accordingly. The record establishes that, as of June 15, 2009, petitioner was required to report for a modified duty assignment but did not do so. The statute provides for the termination of benefits upon an employee's refusal to return to work to perform a light duty assignment "consistent with his status as [an officer]" (§ 207-c [3]). Thus, petitioner did not have the right to an award of regular pay from June 15, 2009 through March 25, 2010 after he failed to report to work (*see Matter of Park v Kapica*, 8 NY3d 302). Although "a municipality is not permitted to *recoup* section 207-c payments where . . . the officer avails himself of due process protections by challenging the medical examiner's determination because such a challenge cannot be equated with a refusal to return to duty" (*id.* at 312), that was not the case here.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court