■ In the Matter of MICHAEL GARVEY, Appellant-Respondent, v MICHAEL SULLIVAN, Chief of Police of the Town Clarkstown Police Department, et al., Respondents-Appellants. [13 NYS3d 159]—

Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Clarkstown dated November 20, 2012, which adopted the findings and recommendations of a hearing officer dated November 5, 2012, made after a hearing, that the petitioner is not physically able to perform his regular police duties and that his continuing left knee complaints are not related to a certain line-of-duty incident, terminated the petitioner's benefits pursuant to General Municipal Law § 207-c, and declined to re-credit accumulated leave time he used commencing January 17, 2012,

which proceeding was transferred to this Court by order of the Supreme Court, Rockland County (Loehr, J.), dated February 21, 2013, and appeal by the petitioner, by permission, from stated portions of the same order, and cross appeal by Michael Sullivan and the Town of Clarkstown, by permission, from stated portions of the same order.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the petition which was to annul so much of the determination as declined to re-credit accumulated leave time the petitioner used from January 17, 2012, to November 20, 2012; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to Michael Sullivan and the Town of Clarkstown.

On January 9, 2008, the petitioner, a police sergeant employed by the Town of Clarkstown, injured his left knee in the line of duty. Thereafter, the petitioner was absent from work due to his work-related injury and received benefits pursuant to General Municipal Law § 207-c. In April 2010, the petitioner was examined by John Mazella, an orthopedic surgeon appointed by the Town to examine the petitioner. Mazella concluded that the petitioner had a preexisting "gouty condition" in his left knee that was the proximate cause of his present knee condition, and that the petitioner was fit for full duty.

Based on Mazella's conclusions, the Town's Chief of Police directed the petitioner to report for full duty. After the petitioner protested the order, the Chief of Police directed him to return to work in a "transitional, restricted-duty" capacity. The petitioner's treating orthopedic surgeon submitted a letter disputing Mazella's conclusion that the petitioner was fit to return to full duty and stating that the petitioner was fit for light duty that would accommodate his physical limitations. The petitioner's superiors responded by again directing him to report for restricted duty. The petitioner requested a hearing to challenge the discontinuance of his General Municipal Law § 207-c benefits, as provided for in the collective bargaining agreement (hereinafter CBA) between the Town and the petitioner's union, and he returned to work in a restricted-duty capacity on May 29, 2010.

The Town denied the petitioner's request for a hearing, and

his union grieved the denial. When the grievance was denied, the union demanded arbitration. In January 2012, the arbitrator sustained the grievance, concluding that the petitioner had a right to a hearing regarding the termination of his General Municipal Law § 207-c benefits. Upon receipt of the arbitrator's award, on January 17, 2012, the petitioner, who had been continuously working in a restricted-duty capacity during the pendency of the grievance procedure and arbitration, advised his superior officer of his position that he was not required to report for work in any capacity until the conclusion of the hearing. In response, the superior officer advised that the petitioner was required to continue his "light duty" assignment pursuant to General Municipal Law § 207-c and that his failure to report for duty was considered being absent from duty without proper authorization. The petitioner then elected to use his accumulated leave time in lieu of General Municipal Law § 207-c payments to cover his absence from work pending the hearing and to avoid disciplinary action.

In accordance with the CBA, the Town appointed a hearing officer to determine whether the petitioner was physically able to perform his regular duties and whether his continuing disability, if any, was related to the line-of-duty incident on January 9, 2008. After the evidentiary hearing, in findings of fact and recommendations dated November 5, 2012, the hearing officer found that the petitioner was not physically able to perform his regular duties and that this inability was not related to the January 9, 2008, incident. The hearing officer credited Mazella's opinion that the petitioner's preexisting gouty condition was the cause of his knee impairment. On November 20, 2012, the Town Board adopted the hearing officer's findings of fact and recommendations and terminated the petitioner's General Municipal Law § 207-c benefits. In addition, the Town Board determined that the petitioner was not entitled to be re-credited with any of the accumulated leave time he used during his absence from work commencing January 17, 2012.

The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination. The Supreme Court, inter alia, granted that branch of the petition which was to annul so much of the determination as declined to re-credit the petitioner with accumulated leave time he used from January 17, 2012, to November 20, 2012, directed the Town to re-credit the petitioner with that leave time, and transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Initially, the Supreme Court properly transferred the

proceeding to this Court pursuant to CPLR 7804 (g). The determination was made after a hearing directed by law at which evidence was taken (*see Matter of Park v Kapica*, 8 NY3d 302, 310-311 [2007]), and the petition raises a question of substantial evidence (*see* CPLR 7803 [4]). The Supreme Court also properly disposed of two of the petitioner's objections that could have terminated the proceeding within the meaning of CPLR 7804 (g) before transferring the proceeding. However, the court should have disposed of the remaining objections that could have terminated the proceeding (*see* CPLR 7804 [g]; *Matter of Vaughn v Orlando*, 79 AD3d 1048, 1049 [2010]). Nevertheless, since the full record is now before us, in the interest of judicial economy, we will decide, on the merits, the remaining objections that could have terminated the proceeding (*see Matter of Vaughn v Orlando*, 79 AD3d at 1049). Moreover, the Supreme Court erred in granting that branch of the petition which was to annul so much of the determination as declined to re-credit the petitioner with accumulated leave time he used from January 17, 2012, to November 20, 2012, since disposition of the objection to that portion of the determination could not have terminated the entire proceeding within the meaning of CPLR 7804 (g) (*see Matter of Lieberman v City of New York*, 52 AD3d 719, 720 [2008]; *Matter of Bradley Corporate Park v Crotty*, 39 AD3d 632, 633-634 [2007]). Accordingly, we delete so much of the order as granted that branch of the petition, and we will consider that branch of the petition de novo (*see Matter of M&V 99 Franklin Realty Corp. v Weiss*, 124 AD3d 783, 784 [2015]).

A disabled officer receiving General Municipal Law § 207-c benefits is entitled to a due process hearing before those benefits may be terminated when the officer submits medical evidence contesting the finding of a municipality's appointed physician that the officer is fit for duty (*see Matter of Park v Kapica*, 8 NY3d at 310). Once such evidence has been submitted, an "order to report for duty may not be enforced, or benefits terminated, pending resolution of an administrative hearing, which itself is subject to review under CPLR article 78" (*Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 692 [2000]). However, where the municipality's physician is of the opinion that the officer is able "to perform specified types of light police duty," payment of the full amount of salary or wages may be discontinued should the officer refuse to perform such light police duty if same "is available and offered to [the officer]" and enables him or her "to continue to be entitled to his [or her] regular salary or wages" (General Municipal Law § 207-c [3]; *see Matter of Theroux v Reilly*, 1 NY3d 232, 239 [2003]). If an officer who re-

fuses to return to light duty fails to provide medical proof that he or she is unable to do so, the municipality may discontinue disability payments without a hearing (*see Matter of Park v Kapica*, 8 NY3d at 312; *Matter of Davis v County of Westchester*, 42 AD3d 791, 793 [2007]).

Here, there is no dispute that the petitioner was able to perform a light-duty assignment. In May 2010, he received and followed an order to return to work and perform a restricted duty assignment, for which he received his full salary. On January 17, 2012, he refused an offer to continue performing this light-duty assignment, although he remained able to so. Under the statute, the granting of a General Municipal Law § 207-c hearing did not excuse him from performing his light-duty assignment. The petitioner later received an unequivocal order to return to his light-duty assignment, and he again refused, electing instead to use his accumulated leave time. Since the petitioner refused to return to his light-duty assignment commencing January 17, 2012, the Town was entitled to discontinue his benefits without a hearing. Accordingly, the Town's determination not to re-credit the accumulated leave time he used commencing January 17, 2012, was not arbitrary and capricious and must be confirmed.

Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to whether the determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]). Substantial evidence consists of "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180). Here, the hearing officer's determination that the petitioner's disability was not causally related to the line-of-duty incident on January 9, 2008, is supported by substantial evidence. The hearing officer was free to credit the testimony and reports of Mazella, the Town's expert, over the conflicting opinion of the petitioner's treating orthopedic surgeon (*see Matter of Solano v City of Mount Vernon*, 108 AD3d 676, 677 [2013]; *Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947 [2012]).

The petitioner's contentions that the determination was affected by errors of law in the hearing procedure are without merit (*see* CPLR 7803 [3]). The parties' remaining contentions regarding preliminary and prospective injunctive relief have been rendered academic in light of our determination. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.