■ In the Matter of NASSAU COUNTY SHERIFF'S CORRECTION OFFICERS BENEVOLENT ASSOCIATION, INC., et al., Appellants, v NASSAU COUNTY et al., Respondents. [28 NYS3d 377]—

In a proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated July 2, 2013, made after a hearing, confirming a determination of the respondent Nassau County Sheriff's Department to discontinue the benefits of the petitioner John Thomas pursuant to General Municipal Law § 207-c as of February 2, 2010, the appeal is from a judgment of the Supreme Court, Nassau County (Jaeger, J.), entered February 13, 2014, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On November 18, 1998, the petitioner John Thomas sustained a back injury in the course of his duties as a correction officer for the respondent Nassau County Sheriff's Department (hereinafter the Sheriff's Department). Thereafter, he was absent from work due to his work-related injury and received benefits pursuant to General Municipal Law § 207-c. After 10 months, he returned to work in a restricted/light-duty capacity, with no inmate contact and no carrying of a weapon.

In 2003, Thomas was called to active military duty, where he was also given restricted duties because of his back injury. Upon his return from active military duty in 2008, Thomas again returned to his work as a correction officer in a restricted/light-duty capacity. However, in June 2009, a doctor appointed by the respondent Nassau County (hereinafter the County) determined that, as a result of his back injury, Thomas was no longer fit for any duty, making him again eligible to receive benefits pursuant to General Municipal Law § 207-c. A subsequent evaluation by a County-appointed doctor in September 2009 reached the same conclusion.

On February 2, 2010, Thomas was examined by a County-appointed doctor who determined that he was again fit to return to work in a light/restricted-duty capacity. The Sheriff's Department informed Thomas of that determination, and of his right to request a hearing to challenge the determination, as provided for in the collective bargaining agreement (hereinafter the CBA) between the County and Thomas's labor union, the petitioner Nassau County Sheriff's Correction Officers Benevolent Association, Inc. (hereinafter the labor union). Thomas chose to exercise his right under the CBA to a hearing.

The County appointed a hearing officer to determine whether Thomas was capable of returning to work on restricted/light-duty assignment as of February 2, 2010. Before the hearing began, Thomas argued that the burden of proof was on the County to show that he was capable of returning to work in a restricted/light-duty capacity. The hearing officer disagreed, ruling that Thomas had the burden of proof to show that he was not fit to do so.

After the evidentiary hearing, the hearing officer determined that Thomas was capable of returning to work on restricted/light-duty assignment as of February 2, 2010. Thomas and the labor union then commenced this proceeding pursuant to CPLR article 78 to review the hearing officer's determination. They contended only that the hearing officer's determination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discre-

tion" (CPLR 7803 [3]), on the ground that Thomas was denied due process when the hearing officer placed the burden of proof on him to show that he was not capable of returning to work in a restricted/light-duty capacity. The Supreme Court agreed with the hearing officer's conclusion that Thomas bore the burden of proof at the hearing, and denied the petition and dismissed the proceeding. The petitioners appeal.

The right to receive payments under General Municipal Law § 207-c "constitutes 'a property interest giving rise to procedural due process protection, under the Fourteenth Amendment, before those payments are terminated,' and a due process hearing is triggered when an officer on section 207-c status submits evidence from his treating physician supporting the officer's claim of 'continued total disability' " (*Matter of Park v Kapica*, 8 NY3d 302, 310 [2007], quoting *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d 686, 691, 692 [2000]). Section 207-c provides no definitive procedure that must be followed, so the procedure may be the subject of collective bargaining (*see Matter of Park v Kapica*, 8 NY3d at 311; *Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd.*, 95 NY2d 73, 80-81 [2000]). The parties here have not collectively bargained for a procedure to be followed when an officer contests a light-duty determination. Therefore, the County was free to fashion a hearing remedy so long as its procedure afforded Thomas due process (*see Matter of Park v Kapica*, 8 NY3d at 311-312). "Generally, procedural due process principles require an opportunity for a meaningful hearing prior to the deprivation of a significant property interest. 'The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner' " (*Matter of Kigin v State of N.Y. Workers' Compensation Bd.*, 24 NY3d 459, 469 [2014] [citation omitted], quoting *Mathews v Eldridge*, 424 US 319, 333 [1976]).

Contrary to the petitioners' contention, the hearing officer's determination was not made in violation of lawful procedure, affected by an error of law, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]). The County made an initial determination that Thomas was fit to return to restricted/light-duty work based on the opinion of a physician it appointed to medically examine Thomas. The County had the right to make this initial determination without holding a hearing or initiating any type of proceeding (*see* General Municipal Law § 207-c [1], [3]). Thomas was then granted a hearing to challenge the determination, during which he was represented by counsel and afforded the opportunity to contest

the medical examiner's conclusion by submitting his own evidence, including the opinion of his personal physician. The hearing officer then weighed the conflicting opinions to arrive at her determination that Thomas was capable of returning to restricted/light-duty work. Under the circumstances, Thomas was afforded due process. Requiring him to come forward with some evidence at the hearing to support his claim of "continued total disability" did not deprive him of such right. Indeed, an officer's right to a due process hearing under the Fourteenth Amendment is not triggered until he or she submits such evidence (*see Matter of Park v Kapica*, 8 NY3d at 310; *Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes*, 94 NY2d at 692; *Matter of Garvey v Sullivan*, 129 AD3d 1078, 1081 [2015]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Dillon, J.P., Hall, Roman and Duffy, JJ., concur.