Matter of LaPerche v City of Peekskill (2018 NY Slip Op 03978)





Matter of LaPerche v City of Peekskill


2018 NY Slip Op 03978


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2016-02066
 (Index No. 2705/15)

[*1]In the Matter of Douglas LaPerche, appellant, 
v
City of Peekskill, respondent.


Sussman and Watkins, Goshen, NY (Michael H. Sussman and Jonathan R. Goldman of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Eric L. Gordon of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Chief of Police of the respondent, City of Peekskill, dated June 5, 2015, denying the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated January 26, 2015. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted to the extent that the determination of the Chief of Police of the respondent, City of Peekskill, denying the petitioner's application for benefits pursuant to General Municipal Law § 207-c is annulled, the petition is otherwise denied, the proceeding is otherwise dismissed, and the matter is remitted to the Supreme Court, Westchester County, for the purpose of directing the respondent City of Peekskill to reconsider the petitioner's application for benefits pursuant to General Municipal Law § 207-c in accordance herewith.
On or about September 18, 2011, and December 24, 2012, respectively, the petitioner sustained injuries in the course of his duties as a police officer for the respondent, City of Peekskill. Following each incident, the petitioner reported the injuries and was granted benefits pursuant to General Municipal Law § 207-c. The petitioner returned to full duty as a police officer in April 2013.
On May 23, 2015, the petitioner reported that he would be unable to report for work on May 24, 2015. In an email dated May 28, 2015, the petitioner informed his captain that he had been out of work since May 24, 2015, and would remain out of work until he saw his orthopedist on June 10, 2015. On May 29, 2015, the petitioner applied for benefits pursuant to General Municipal Law § 207-c for the period of his absence from work, claiming that his absence was related to the prior injuries sustained on September 18, 2011, and December 24, 2012. On June 5, 2015, the respondent's Chief of Police denied the petitioner's application solely on the ground that the petitioner failed to follow the procedures relating to the application for such benefits as outlined in the collective bargaining agreement between the petitioner's union and the respondent, because the petitioner failed to (1) "complete and file a written incident report with the Chief of Police within twenty-four hours of the incident which gave rise to the disability," (2) "identify the time and [*2]place where such injury occurred," (3) "set forth fully in [his] application for said benefits the facts and circumstances which led to [his] claimed disability," and (4) describe "the nature and extent of [his] injury within ten (10) days of the date of [his] claimed disability." On June 25, 2015, the respondent denied the petitioner's request for an administrative appeal and a hearing.
The petitioner commenced this proceeding pursuant to CPLR article 78 to review the determination denying his application for benefits pursuant to General Municipal Law § 207-c. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
Judicial review of an administrative determination that is not made as a result of a hearing held pursuant to direction by law, such as a determination denying an application for disability benefits pursuant to General Municipal Law § 207-c, is limited to the question of whether the determination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Services, 77 NY2d 753, 757-758; Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept., 72 AD3d 832, 833). A determination is arbitrary and capricious if it lacks a rational basis (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of Tancredi v Town of Harrison/Vil. of Harrison Police Dept., 72 AD3d at 833-834; Matter of Miele v Town of Clarkstown, 299 AD2d 362, 362).
Pursuant to General Municipal Law § 207-c, certain municipalities are directed to continue to pay salary or wages to police officers who sustain a disability in the course of their employment (see General Municipal Law § 207-c; Matter of Park v Kapica, 8 NY3d 302, 310). The procedures that must be followed in applying for benefits pursuant to General Municipal Law § 207-c may be the subject of collective bargaining (see Matter of Park v Kapica, 8 NY3d at 311; Matter of City of Watertown v State of N.Y. Pub. Empl. Relations Bd., 95 NY2d 73, 80-81; Matter of Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc. v Nassau County, 137 AD3d 1145, 1147; Matter of Laird v Village of Pelham Manor, 81 AD3d 828).
Here, the collective bargaining agreement provided that an application for disability benefits requires a report in written form within 24 hours of the incident which gave rise to the disability. The failure to submit an incident report within the 24-hour time limit may be excused by the respondent "in appropriate cases." The collective bargaining agreement further provided that an application for disability benefits must be submitted within 10 days of the date of the incident which gave rise to the disability.
The petitioner promptly reported the 2011 and 2012 incidents giving rise to his alleged disability, and was granted benefits pursuant to General Municipal Law § 207-c. Upon the alleged recurrence of his disability based upon those incidents, the petitioner filed a supplemental physical/mental disability report on May 29, 2015, within 10 days of his claim that he was not fit for duty, which was treated by the respondent as an application for benefits pursuant to General Municipal Law § 207-c. Under the circumstances of this case, it was arbitrary and capricious for the respondent not to offer the petitioner the opportunity to seek to excuse any technical violations of these procedures where the opportunity to provide such excuse was available pursuant to the terms of the collective bargaining agreement. Accordingly, under the circumstances presented here, the determination of the respondent's Chief of Police denying the petitioner's application for benefits pursuant to General Municipal Law § 207-c solely on procedural grounds was arbitrary and capricious, and an abuse of discretion, and must be annulled.
The petitioner's remaining contentions need not be addressed in light of our determination or are not properly before this Court.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court