Matter of LaPerche v City of Peekskill (2022 NY Slip Op 06008)

Matter of LaPerche v City of Peekskill

2022 NY Slip Op 06008

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-14176
 (Index No. 58781/19)

[*1]In the Matter of Douglas LaPerche, appellant,
v
City of Peekskill, respondent.

Sussman and Associates, Goshen, NY (Jonathan R. Goldman of counsel), for appellant.
Keane & Beane, P.C., White Plains, NY (Eric L. Gordon and Amanda Magana of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Chief of Police of the City of Peekskill, dated February 4, 2019, denying the petitioner's application for benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 6, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
In September 2011 and December 2012, the petitioner sustained injuries in the course of his duties as a police officer for the respondent, the City of Peekskill. Following each injury, the petitioner was absent from work for a period of time and received benefits pursuant to General Municipal Law § 207-c. The petitioner returned to work as a police officer in April 2013. In May 2015, the petitioner applied for benefits pursuant to General Municipal Law § 207-c for an absence from work related to the prior injuries sustained in September 2011 and December 2012. On June 5, 2015, the respondent's Chief of Police denied the petitioner's application solely on the ground that the petitioner failed to follow the procedures relating to applications for such benefits set forth in the collective bargaining agreement entered into between the petitioner's union and the respondent. On June 25, 2015, the respondent denied the petitioner's appeal and request for a hearing.
Thereafter, the petitioner commenced a proceeding pursuant to CPLR article 78, inter alia, to review the June 5, 2015 determination. The Supreme Court, by judgment dated January 26, 2015, denied the petition and dismissed the proceeding. The petitioner appealed from the judgment and in a decision and order dated June 6, 2018, this Court reversed the judgment, granted the petition to the extent of annulling the June 5, 2015 determination, and remitted the matter to the Supreme Court, Westchester County, for the purpose of directing the respondent to reconsider the petitioner's application for benefits pursuant to General Municipal Law § 207-c after offering the petitioner "the opportunity to seek to excuse any technical violations of these procedures where the opportunity to provide such excuse was available pursuant to the terms of the collective bargaining agreement" (Matter of LaPerche v City of Peekskill, 162 AD3d 665, 668).
Upon remittal, in a determination dated February 4, 2019, the respondent's new Chief of Police determined that the petitioner's failure to comply with the procedures set forth in the collective bargaining agreement should not be excused and again denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c. On March 5, 2019, the respondent denied the petitioner's appeal and request for a hearing. Thereafter, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to review the determination of the respondent's new Chief of Police dated February 4, 2019. The Supreme Court denied the petition and dismissed the proceeding, and the petitioner appeals.
Judicial review of an administrative determination that is not made as a result of a hearing held pursuant to direction by law, such as a determination denying an application for disability benefits pursuant to General Municipal Law § 207-c, is limited to the question of whether the determination was "made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (CPLR 7803[3]; see Matter of LaPerche v City of Peekskill, 162 AD3d at 667). A determination is arbitrary and capricious if it lacks a rational basis (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231; Matter of LaPerche v City of Peekskill, 162 AD3d at 667).
Contrary to the petitioner's contentions, there is a rational basis in the record for the determination of the respondent's new Chief of Police that the proffered explanation for the petitioner's failure to follow the procedures set forth in the collective bargaining agreement relating to applications for benefits pursuant to General Municipal Law § 207-c was insufficient to excuse his noncompliance. Accordingly, the determination denying the petitioner's application based on the unexcused procedural deficiencies in his application was not arbitrary and capricious (see Matter of LaPerche v City of Peekskill, 162 AD3d at 668; Matter of Laird v Village of Pelham Manor, 81 AD3d 828).
The petitioner's contention, in effect, that the procedures set forth in the collective bargaining agreement relating to applications for benefits pursuant General Municipal Law § 207-c are void and unenforceable as being contrary to public policy is without merit (see Matter of Courtenay v Graziano, 173 AD3d 1016).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court