■ In the Matter of KENNETH KAUFFMAN, Respondent-Appellant, v JOHN M. DOLCE, as Public Safety Commissioner of the City of White Plains, et al., Appellants-Respondents. [627 NYS2d 750] —In a proceeding pursuant to CPLR article 78 to review a determination of John M. Dolce dated January 22, 1992, which terminated, without a hearing, the petitioner's benefits pursuant to General Municipal Law § 207-a, (1) John M. Dolce and the City of White Plains appeal from a judgment of the Supreme Court, Westchester County (Lange, J.), entered September 24, 1993, which granted the petition and (2) the petitioner cross-appeals from stated portions of the same judgment.

Ordered that the cross appeal is dismissed since the petitioner is not aggrieved by the portions of the judgment that he cross-appeals from *(see,* CPLR 5511); and it is further,

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that the petitioner firefighter's refusal to undergo surgery a second time does not constitute a waiver of the petitioner's right to benefits pursuant to General Municipal Law § 207-a. In *Matter of Sche-*

*nectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.* (85 NY2d 480), the Court of Appeals stated that General Municipal Law § 207-c authorizes a city to require that police officers undergo surgery "under the appropriate circumstances * * * where reasonable" *(see, Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd., supra,* at 486). The Court of Appeals also stated that, in this regard, police officers do not differ from firefighters, who may also be required to undergo surgery pursuant to General Municipal Law § 207-a. Thus, the Supreme Court properly found that the petitioner's refusal to undergo surgery a second time was reasonable in light of his previous unsuccessful surgery and steroid treatments and the lack of the likelihood of success of the proposed surgery *(see, Matter of Messina v Speranza,* 79 AD2d 807).

We have examined the appellants-respondents' remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, O'Brien and Thompson, JJ., concur.