◼ In the Matter of HERBERT M. BERNHARD, JR., Petitioner, v HARTSDALE FIRE DISTRICT, Respondent. [641 NYS2d 868] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the respondent Hartsdale Fire District dated June 7, 1994, which adopted the recommendation of a hearing officer, made after a hearing, finding that the petitioner is not entitled to benefits pursuant to General Municipal Law § 207-a.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, a firefighter who qualifies for a disability pension pursuant to Retirement and Social Security Law § 363-c is not automatically entitled to supplemental wage benefits pursuant to General Municipal Law § 207-a (*see, Matter of Sutka v Conners,* 73 NY2d 395, 404; *Matter of D'Onofrio v City of Mount Vernon,* 226 AD2d 719 [decided herewith]; *Matter of Flynn v McLaughlin,* 169 AD2d 768, 769; *Matter of Barson v Regan,* 177 AD2d 21, 23), and the

determination of whether a firefighter is entitled to benefits pursuant to General Municipal Law § 207-a must be made, in the first instance, by the municipal employer (*see, Matter of Barson v Regan, supra; Matter of Flynn v McLaughlin, supra; King v City of Newburgh,* 84 AD2d 388). The disability systems found in the Retirement and Social Security Law and the General Municipal Law are separate and distinct with different eligibility requirements (*see, Matter of Sutka v Connors, supra,* at 404). Thus, eligibility for one does not mandate eligibility for the other.

Entitlement to benefits under General Municipal Law § 207-a is dependent on *two* factors: (1) the firefighter must be injured in, or taken sick as a result of, the performance of his duties *and* (2) he must be physically unable to perform his regular duties (*see,* General Municipal Law § 207-a [1]; *see also, King v City of Newburgh, supra*). While the Workers' Compensation Board determined that the petitioner had been injured in the line of duty (*see, Matter of Fedorczak v Dolce,* 202 AD2d 668, 669; *Matter of Maresco v Rozzi,* 162 AD2d 534, 535), it cannot be said that the petitioner was physically unable to perform his regular duties as a result of those injuries. The petitioner never requested, nor was he ever placed on, a light-duty assignment as a result of his injuries. In fact, the petitioner stated that he preferred *not* to be placed on light duty. Except for one instance of sick leave due to an accident that was not the basis of the grant to the petitioner of benefits pursuant to Retirement and Social Security Law § 363, the petitioner had a total of only six absences due to back complaints in his 20 years of service with the Hartsdale Fire District. Moreover, four of those absences were in 1972, nearly seven years before the first injury for which he received workers' compensation.

We find the petitioner's complaints of back pain following his job-related injuries to be insignificant because the petitioner continued to work performing his regular duties for five years after his 1979 injury and for 15 years following his 1969 injury until he voluntarily retired in 1984. Thus, the petitioner, albeit injured in the line of duty, was able to perform his regular duties at the time of his retirement (*see, Matter of Collins v City of Yonkers,* 207 AD2d 830, 831).

This Court has held that it is within a municipal agency's authority to evaluate and reject conflicting medical evidence and that the agency is free to credit one physician's testimony over that of another (*see, Matter of Flynn v Zaleski,* 212 AD2d 706, 708). In this case, the Board of Fire Commissioners (hereinafter the Board) credited the report and testimony of the

respondent's physician who examined the petitioner and found that he is not disabled and that his complaints are inconsistent with the results of the medical tests that were given to him. Moreover, the Board rejected the testimony of the petitioner's physician because the petitioner had provided an incomplete and misleading medical and employment history to him. While conflicting medical evidence can be found in the record, there is clearly substantial evidence to support the denial to the petitioner of supplemental wage benefits pursuant to General Municipal Law § 207-a (*see, Matter of Bittner v Regan,* 86 AD2d 723). Rosenblatt, J. P., Miller, O'Brien and McGinity, JJ., concur.