■ In the Matter of RAYMOND NICCHIA, Appellant, v COUNTY OF NASSAU et al., Respondents. [844 NYS2d 324]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondents dated June 2, 2005, which terminated the petitioner's benefits pursuant to General Municipal Law § 207-c, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Parga, J.), entered Janu-

ary 23, 2006, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contention, there is a rational basis in the record for the respondents' determination terminating his benefits pursuant to General Municipal Law § 207-c. The objective medical evidence established that the petitioner is physically capable of performing light duty work. Further, the petitioner failed to timely claim his entitlement to General Municipal Law § 207-c benefits based upon alleged psychological injuries because such request was not made until approximately four years after the alleged injuries occurred. Consequently, the respondents' determination terminating the petitioner's benefits had a rational basis and was not arbitrary and capricious (*see Matter of Cole-Hatchard v Sherwood*, 309 AD2d 933 [2003]; *Matter of Miele v Town of Clarkstown*, 299 AD2d 362 [2002]).

Further, the petitioner was not entitled to a due process hearing. The relevant collective bargaining agreement specifies that a corrections officer, such as the petitioner, may opt to resolve a dispute regarding General Municipal Law § 207-c benefits by submitting to an independent medical evaluation in lieu of a hearing, the results of which are binding upon all parties. Because the petitioner chose to resolve the instant dispute through a medical examination, he was not entitled to a hearing (*see Matter of Gamma v Bloom*, 274 AD2d 14 [2000]). Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.