Proceeding pursuant to CPLR article 78 to review a determination of the Fire Commissioner of the respondent City of Mount Vernon Fire Department dated August 10, 2010, which adopted the recommendation of a hearing officer dated July 17, 2010, made after a hearing, denying the petitioner’s application for benefits pursuant to General Municipal Law § 207-a (2).
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the City of Mount Vernon Fire Department (hereinafter the City) from 1975 until 2006, when he was awarded accidental disability retirement benefits by the New York State Comptroller. Over the course of his employment, the petitioner sustained a number of on-the-job injuries. After each injury, he returned to work in full capacity. The petitioner alleges that he sustained his last on-the-job injury in October 2002, when he slipped and fell on a cement ramp and injured his lower back and left shoulder. The petitioner was awarded salary benefits pursuant to General Municipal Law § 207-a (1). After receiving disability retirement benefits, the petitioner applied for supplemental income benefits pursuant to General Municipal Law § 207-a (2) to cover the difference between his salary and the disability retirement benefits until he reached the mandatory service retirement age.
*947 The City denied the application on the basis that the petitioner’s disability was not connected to his on-the-job injury. The petitioner requested a hearing, and the hearing officer found credible the testimony of the City’s expert, Dr. Warren Silverman, and recommended denial of benefits because the petitioner’s restrictions were not caused by a work-related injury, and he was not permanently disabled. The City accepted the recommendation, and the petitioner commenced this proceeding pursuant to CPLR article 78 to review the City’s determination denying him benefits pursuant to General Municipal Law § 207-a (2).
Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence (see CPLR 7803 [4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]; Matter of Cardenas v Board of Educ. of Yonkers City School Dist., 298 AD2d 390 [2002]). Substantial evidence means more than a “mere scintilla of evidence” (Matter of Stork Rest. v Boland, 282 NY 256, 273-274 [1940]), and “means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact” (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180).
When there is conflicting evidence or different inferences may be drawn, “the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists” (Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987] [internal quotation marks omitted]; see Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838, 839 [2011]). Moreover, where there is conflicting expert testimony, in making a General Municipal Law § 207-a determination, a municipality is “free to credit one physician’s testimony over that of another” (Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d 715, 716 [1996]; see Matter of Segura v City of Long Beach, 230 AD2d 799 [1996]; Matter of Flynn v Zaleski, 212 AD2d 706, 708 [1995]). Thus, even if “conflicting medical evidence can be found in the record,” the municipality’s determination, based on its own expert’s conclusions, may still be supported by substantial evidence (Matter of Bernhard v Hartsdale Fire Dist. 226 AD2d at 717).
Here, the hearing officer’s determination is supported by substantial evidence. Contrary to the petitioner’s assertions, the testimony of the City’s expert, Dr. Silverman, was consistent *948 and supported by the medical evidence, and the hearing officer was free to credit Dr. Silverman’s testimony more than the testimony of the petitioner’s treating physician (see Texter v Middletown Dialysis Ctr., Inc., 22 AD3d 831, 831 [2005]; Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d at 716-717). Additionally, a review of the evidence and hearing transcripts shows that the hearing officer did not misconstrue the evidence, and gave proper weight and consideration to the petitioner’s medical records, the testimony of the petitioner’s treating physician, and the findings of the petitioner’s other physicians.
The petitioner also incorrectly argues that the hearing officer should have considered the petitioner’s receipt of disability retirement and Social Security disability benefits. The Comptroller’s decision awarding disability retirement benefits is not binding on a municipality in a separate proceeding to determine the petitioner’s eligibility for benefits under General Municipal Law § 207-a (2) (see Matter of Cook v City of Utica, 88 NY2d 833, 835 [1996]; Matter of Solano v City of Mount Vernon, 49 AD3d 762, 764 [2008]; see also Matter of D’Onofrio v City of Mount Vernon, 226 AD2d 719, 720 [1996]). Moreover, Social Security disability benefits are different from benefits afforded under General Municipal Law § 207-a, as the former operates as a federal insurance program that provides benefits to every individual who is disabled within the meaning of the program (see Matter of McCaffrey v Town of E. Fishkill, 42 AD3d 22, 25 [2007]). On the other hand, General Municipal Law § 207-a requires a claimant to show that his or her injury or illness results from the performance of his or her duties and that he or she is physically unable to perform his or her regular duties as a firefighter (see Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d at 716). As the petitioner could qualify for Social Security disability benefits even if he did not suffer from a work-related disability within the meaning of General Municipal Law § 207-a, the hearing officer need not have considered the petitioner’s receipt of Social Security disability benefits in making a determination regarding General Municipal Law § 207-a (2) eligibility.
The petitioner’s remaining contentions are without merit. Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.