Proceeding pursuant to CPLR article 78 to review a determination of the Fire Commissioner of the City of Mount Vernon Fire Department dated January 13, 2011, which adopted the recommendation of a hearing officer dated January 7, 2011, made after a hearing, denying the petitioner’s application for benefits pursuant to General Municipal Law § 207-a (2).
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the City of Mount Vernon Fire Department (hereinafter the City). In August 2002, he suffered an on-the-job injury to his lower back. While he was disabled, the petitioner received his regular salary pursuant to General Municipal Law § 207-a (1). He also sought and received retirement disability benefits from the State of New York pursuant to Retirement and Social Security Law § 363-c, and Social Security disability benefits from the Social Security Administration. The petitioner then applied for supplemental benefits pursuant to General Municipal Law § 207-a (2). The City denied the application on the basis that the petitioner was no longer permanently disabled.
The petitioner appealed the denial of his application and requested a hearing. The hearing officer credited the testimony of the City’s expert, Dr. Warren Silverman, and recommended denial of benefits because the petitioner was no longer disabled. The City accepted the recommendation and upheld the determination denying benefits under General Municipal Law § 207-a (2). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the City’s denial of benefits.
Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is *677 limited to whether the determination is supported by substantial evidence (see CPLR 7803 [4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176 [1978]; Matter of Cardenas v Board of Educ. of Yonkers City School Dist., 298 AD2d 390 [2002]). Substantial evidence means more than a “mere scintilla of evidence,” and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides (Matter of Stork Rest. v Boland, 282 NY 256, 273-274 [1940]).
When there is conflicting evidence or different inferences may be drawn, “the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists” (Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987] [internal quotation marks omitted]; see Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947 [2012]; Matter of Hildreth v New York State Dept. of Motor Vehs. Appeals Bd., 83 AD3d 838, 839 [2011]). Moreover, where there is conflicting expert testimony, in making a General Municipal Law § 207-a determination, a municipality is “free to credit one physician’s testimony over that of another” (Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d 715, 716 [1996]; see Matter of Segura v City of Long Beach, 230 AD2d 799 [1996]). Thus, even if “conflicting medical evidence can be found in the record,” the municipality’s determination, based on its own expert’s conclusions, may still be supported by substantial evidence (Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d at 717).
Here, the hearing officer’s determination is supported by substantial evidence. The petitioner first contends that Dr. Silverman was not qualified to give an opinion. However, we have held that, “[o]nce a medical expert establishes his or her knowledge of the relevant standards of care, he or she need not be a specialist in the particular area at issue to offer an opinion” (Texter v Middletown Dialysis Ctr., Inc., 22 AD3d 831, 831 [2005]). Here, upon stipulation, Dr. Silverman was qualified as a medical expert. Thus, he need not have been a specialist to offer an opinion as to the petitioner’s condition. Moreover, contrary to the petitioner’s arguments, Dr. Silverman’s testimony was consistent and supported by the medical evidence. The hearing officer was free to credit Dr. Silverman’s testimony more than the testimony of the petitioner’s treating physician and chiropractor (see id.; Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d at 716-717).
Additionally, to the extent the petitioner asserts that he did *678 not receive a fair hearing because Dr. Silverman was biased, the argument was not presented to the hearing officer and is “precluded from judicial review” (Matter of Kearney v Village of Cold Spring Zoning Bd. of Appeals, 83 AD3d 711, 713 [2011]; see Matter of Klapak v Blum, 65 NY2d 670, 672 [1985]; Matter of Emrey Props., Inc. v Baranello, 76 AD3d 1064, 1067 [2010]; Matter of Trident Realty v Planning Bd. of Inc. Vil. of E. Hampton, Suffolk County, 248 AD2d 545 [1998]). Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.