■ In the Matter of GREGORY DAVENPORT, Petitioner, v CITY OF MOUNT VERNON et al., Respondents. [973 NYS2d 797]—

Proceeding pursuant to CPLR article 78 to review a determination of the Fire Commissioner of the City of Mount Vernon dated June 3, 2011, which adopted the recommendation of a hearing officer dated May 31, 2011, made after a hearing, denying the petitioner's application for supplemental benefits pursuant to General Municipal Law § 207-a (2).

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner was employed by the City of Mount Vernon Fire Department (hereinafter the City). On December 5, 2003, he allegedly sustained an on-the-job injury. The petitioner was awarded salary benefits pursuant to General Municipal Law § 207-a (1) based on this incident. Thereafter, the petitioner applied for supplemental income benefits pursuant to General Municipal Law § 207-a (2). The City denied the application.

The petitioner appealed the denial of his application and requested a hearing. The hearing officer credited the testimony of the City's expert, Dr. Warren Silverman, who opined that the pain experienced by the petitioner in his neck was not caused by the work-related injury, and that the pain he experienced in his back might have been caused by the incident, but that, in any event, the petitioner was not fully disabled because Silverman believed the petitioner could still perform restricted duties. The City accepted the recommendation and upheld the determination denying benefits under General Municipal Law § 207-a (2). The petitioner commenced this proceeding pursuant to CPLR article 78 to review the City's denial of benefits.

Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to whether the determination is supported by substantial evidence (see CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Solano v City of Mount Vernon*, 108 AD3d 676, 676-677 [2013]). Here, the hearing officer's determination is supported by substantial evidence (see *Matter of Ridge Rd. Fire Dist. v Schiano*, 16 NY3d 494, 499 [2011]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180-181; *Matter of Solano v City of Mount Vernon*, 108 AD3d at 677; *Matter of Refino v City of Mount Vernon*, 104 AD3d 693 [2013]; *Matter of Davenport v City of Mount Vernon*, 96 AD3d 838, 838-839 [2012]). Contrary to the petitioner's assertions, the testimony of the respondents' expert was consistent and supported by the medical evidence, and the hearing officer was free to credit the testimony and report of that expert over any conflicting doctors' opinions contained in

the petitioner's medical records (*see Matter of Solano v City of Mount Vernon*, 108 AD3d at 677; *Matter of Refino v City of Mount Vernon*, 104 AD3d at 693; *Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947 [2012]; *Matter of Davenport v City of Mount Vernon*, 96 AD3d at 839).

The petitioner's remaining contentions are either without merit or based on matter dehors the administrative record. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.