In the Matter of JOSEPH T. DELGRANDE, Respondent, v GREENVILLE FIRE DISTRICT et al., Appellants. [18 NYS3d 178]—

Motion by the respondent for leave to reargue a petition pursuant to CPLR article 78 to review a determination of the Board of Commissioners of the Greenville Fire District dated February 27, 2012, and an appeal by Greenville Fire District and the Board of Commissioners of the Greenville Fire District from a judgment of the Supreme Court, Westchester County, dated November 1, 2012, which were determined by decision, order, and judgment of this Court dated March 25, 2015, or for leave to appeal to the Court of Appeals from the decision, order, and judgment of this Court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the branch of the motion which is for leave to appeal to the Court of Appeals is denied; and it is further,

Ordered that the branch of the motion which is for reargument is granted to the extent that the decision, order, and judgment of this Court dated March 25, 2015 (*Matter of Delgrande v Greenville Fire Dist.*, 126 AD3d 968 [2015]), is recalled and vacated, and, upon reargument, the following decision, order, and judgment is substituted therefor, and that branch of the motion is otherwise denied:

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Commissioners of the Greenville Fire District dated February 27, 2012, which rejected the recommendation of a hearing officer dated October 5, 2011, made after a hearing, and denied the petitioner's application for supplemental benefits pursuant to General Municipal Law

§ 207-a (2), the Greenville Fire District and the Board of Commissioners of the Greenville Fire District appeal from so much of a judgment of the Supreme Court, Westchester County (Smith, J.), dated November 1, 2012, as granted that branch of the petition which was to annul the determination, and directed them to pay the petitioner the subject benefits.

Ordered that the appeal is dismissed and the judgment is vacated; and it is further,

Adjudged that the determination of the Board of Commissioners of the Greenville Fire District dated February 27, 2012, is confirmed, that branch of the petition which was to annul the determination is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellants.

Since the petition raises a question of whether the challenged determination is supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (*see* CPLR 7804 [g]). Nevertheless, because the complete record is now before this Court, we will treat the matter as one transferred here, and will review the administrative determination de novo (*see Matter of Figueroa v Rhea*, 120 AD3d 814, 814 [2014]; *Matter of Whitehead v New York City Hous. Auth.*, 102 AD3d 974, 974 [2013]).

"Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence" (*Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946, 947 [2012]; *see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Davenport v City of Mount Vernon*, 110 AD3d 1071, 1072 [2013]; *Matter of Solano v City of Mount Vernon*, 108 AD3d 676, 676-677 [2013]). "Substantial evidence means more than a 'mere scintilla of evidence,' and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (*Matter of Solano v City of Mount Vernon*, 108 AD3d at 677, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 273-274 [1940]). "When there is conflicting evidence or different inferences may be drawn, 'the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " (*Matter of Solano v City of Mount Vernon*, 108 AD3d at 677, quoting *Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444 [1987]; *see Matter of Miserendino v City of Mount Vernon*, 96 AD3d at 947). "Moreover, where

there is conflicting expert testimony, in making a General Municipal Law § 207-a determination, a municipality is 'free to credit one physician's testimony over that of another' " (*Matter of Solano v City of Mount Vernon*, 108 AD3d at 677, quoting *Matter of Bernhard v Hartsdale Fire Dist.*, 226 AD2d 715, 716 [1996]; *see Matter of Segura v City of Long Beach*, 230 AD2d 799 [1996]). "Thus, even if 'conflicting medical evidence can be found in the record,' the municipality's determination, based on its own expert's conclusions, may still be supported by substantial evidence" (*Matter of Solano v City of Mount Vernon*, 108 AD3d at 677, quoting *Matter of Bernhard v Hartsdale Fire Dist.*, 226 AD2d at 717).

Here, the determination of the Board of Commissioners of the Greenville Fire District (hereinafter the Board), which rejected the recommendation of a hearing officer and denied the petitioner's application for benefits pursuant to General Municipal Law § 207-a (2), was supported by substantial evidence (*see Matter of Davenport v City of Mount Vernon*, 110 AD3d at 1072; *Matter of Solano v City of Mount Vernon*, 108 AD3d at 676-677). The Board was entitled to make a finding contrary to the hearing officer's recommendation, as long as substantial evidence supported the determination (*see Matter of Corcoran v City of Newburgh*, 237 AD2d 518, 519 [1997]). The Board was free to credit the expert of the Greenville Fire District (hereinafter the Fire District) over the petitioner's expert, as it did, so long as testimony of the Fire District's expert was consistent and supported by the medical evidence (*see Matter of Miserendino v City of Mount Vernon*, 96 AD3d at 947-948; *Matter of Bernhard v Hartsdale Fire Dist.*, 226 AD2d at 716; *Matter of Segura v City of Long Beach*, 230 AD2d 799 [1996]). Since the Board's determination was supported by substantial evidence, we confirm the determination and deny that branch of the petition which was to annul the determination (*see Matter of Mondello v Beekman*, 56 NY2d 513 [1982], *affg* 78 AD2d 824 [1980]; *cf. Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.*, 85 NY2d 480 [1995]; *Matter of Kauffman v Dolce*, 216 AD2d 298, 299 [1995]). Dillon, J.P., Dickerson, Maltese and LaSalle, JJ., concur.