■ In the Matter of RONALD FARINA, Appellant, v COUNTY OF ORANGE et al., Respondents. [20 NYS3d 387]—

Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated May 21, 2013, confirming a determination of the County of Orange, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c.

Adjudged that the petition is granted, on the law, to the extent that so much of the determination of the hearing officer dated May 21, 2013, as confirmed the denial of benefits pursuant to General Municipal Law § 207-c for the period of July 6, 2012, up to and including July 19, 2012, is annulled, the petition is otherwise denied, and the proceeding is otherwise dismissed, without costs or disbursements, and the respondents are directed to award the petitioner benefits pursuant to General Municipal Law § 207-c for the period of July 6, 2012, up to and including July 19, 2012, in accordance herewith.

On July 6, 2012, the petitioner, a correction officer employed by the respondent County of Orange, slipped and fell while performing his rounds at a correctional facility. Following this incident, the petitioner sought treatment from two physicians, who both examined him, with one concluding that the petitioner was capable of working in a light duty capacity, and the other concluding that the petitioner was incapable of working for the next 10 days.

On July 18, 2012, the respondent Kenneth T. Jones, as Undersheriff, issued an order directing the petitioner to return to work in a light duty capacity on July 20, 2012. The petitioner did not return to work until July 30, 2012.

On November 28, 2012, Jones denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c, and on May 21, 2013, after a hearing, a hearing officer confirmed the denial of the application. The denial of the petitioner's benefits was based upon the determination that the petitioner was fit to return to light duty but refused to do so. The petitioner thereafter commenced this CPLR article 78 proceeding to annul the hearing officer's determination. The petitioner seeks the restoration of the leave time he was charged while he was out of work due to the injuries he sustained.

The standard of review of an administrative determination made after a hearing is limited to considering whether the determination was supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181-182 [1978]; *Matter of Lowther v County of Rockland*, 122 AD3d 845, 846 [2014]). The test of whether the administrative determination is supported by substantial evidence is whether, on the record, a reasonable person might have made the findings and conclusions made by the administrative agency (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180-181; *Matter of Lowther v County of Rockland*, 122 AD3d at 846).

General Municipal Law § 207-c (1) entitles correction officers to certain enumerated benefits, including the payment of full salary or wages, where the officer "is injured in the performance of his [or her] duties or . . . is taken sick as a result of the performance of his [or her] duties." To be eligible for disability benefits pursuant to General Municipal Law § 207-c, a municipal employee "need only prove a direct causal relationship between job duties and the resulting illness or injury" (*Matter of Theroux v Reilly*, 1 NY3d 232, 244 [2003] [internal quotation marks omitted]; *see Matter of White v County of Cortland*, 97 NY2d 336, 340 [2002]). This section further entitles a municipality to conduct its own medical examination of an employee, and if the examiner concludes that an officer can perform light police duty, payment of the employee's full amount of salary or wages may be discontinued should the employee refuse to return to work in a light-duty assignment (*see* General Municipal Law § 207-c [3]; *Matter of Flynn v Pease*, 242 AD2d 331 [1997]).

Here, the petitioner slipped and fell while performing his rounds as a correction officer and he sustained injuries as a result of the fall. The record shows a direct relationship between the petitioner's job duties and his resulting injuries, and therefore, he qualified for benefits pursuant to General Municipal Law § 207-c. The determination to deny the petitioner an award of benefits pursuant to General Municipal Law § 207-c from the date of the accident, July 6, 2012, up to and including July 19, 2012, prior to the ordered start of a light duty assignment, was not supported by substantial evidence.

However, there was substantial evidence to support the hearing officer's determination that the petitioner was fit to return to light duty when he was ordered to do so on July 20, 2012. Since the petitioner refused to report for his light duty assignment on July 20, 2012, he was not entitled to the benefits he requested from that date going forward (*see* General Municipal Law § 207-c [3]; *Matter of Park v Kapica*, 8 NY3d 302 [2007]; *Matter of Nicchia v County of Nassau*, 43 AD3d 823 [2007]). Dillon, J.P., Miller, Duffy and LaSalle, JJ., concur.