■ In the Matter of Keith E. Fennelly, Petitioner, v Eastchester Fire District, Respondent. [62 NYS3d 415]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Eastchester Fire District, dated September 25, 2015, which adopted in part and rejected in part the recommendation of a hearing officer, made after a hearing, and found that the petitioner was not

entitled to supplemental wage increases pursuant to General Municipal Law § 207-a (2), and that the respondent is entitled to recoup "overpayments" made to the petitioner since 2005.

Adjudged that the petition is granted, on the law, with costs, to the extent that so much of the determination as found that the respondent is entitled to recoup "overpayments" made to the petitioner since 2005 is annulled; the petition is otherwise denied, the determination is otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

Review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176 [1978]; *Matter of Miserendino v City of Mount Vernon*, 96 AD3d 946 [2012]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Miserendino v City of Mount Vernon*, 96 AD3d at 947). Here, the determination of the respondent's Board of Commissioners (hereinafter the Board) that the petitioner, the respondent's retired former fire chief, was not entitled to annual increases in the benefits he is paid pursuant to General Municipal Law § 207-a (2) based upon the salary increases given to the respondent's current fire chief was supported by substantial evidence. The evidence at the hearing demonstrated that the salary paid to each fire chief is determined by the Board, and is based on the particular experience, education, and performance of the fire chief, as opposed to firefighters who receive salary increases pursuant to a collective bargaining agreement (*see Matter of Farber v City of Utica*, 97 NY2d 476 [2002]; *Matter of Mashnouk v Miles*, 55 NY2d 80 [1982]; *Matter of Whitted v City of Newburgh*, 126 AD3d 910 [2015]).

However, there is no substantial evidence in the record to support the respondent's determination that it is entitled to recoup the past overpayments from the petitioner. There is no evidence that the respondent had a process or application procedure in place at the time the petitioner was paid the section 207-a (2) benefits and, therefore, there can be no finding that the prior payments were improper so as to justify recoupment (*see Matter of Masullo v City of Mount Vernon*, 141 AD3d 95 [2016]). Rivera, J.P., Dillon, Connolly and Iannacci, JJ., concur.