Matter of Mankowski v Nassau County (2018 NY Slip Op 02470)





Matter of Mankowski v Nassau County


2018 NY Slip Op 02470


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2015-08602
 (Index No. 3709/15)

[*1]In the Matter of Stanley Mankowski, appellant,
v
Nassau County, et al., respondents.


Koehler & Isaacs LLP, New York, NY (Liam L. Castro of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (William C. DeWitt of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review two determinations of a hearing officer, dated January 20, 2015, and March 26, 2015, respectively, made after a hearing, finding that the petitioner was able to return to work in a light duty capacity and determining the restrictions under which the petitioner was permitted to work, the petitioner appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered August 6, 2015, which found that the hearing officer's determinations were supported by substantial evidence and denied the petition.
ORDERED that the appeal is dismissed and the order is vacated; and it is further,
ADJUDGED that the determinations dated January 20, 2015, and March 26, 2015, respectively, are confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The petitioner, a correction officer, was injured in March 2013 when an inmate punched him in the neck while the petitioner was conducting a pat down of the inmate. Thereafter, the petitioner was absent from work due to the line-of-duty injury and was approved for salary benefits pursuant to General Municipal Law § 207-c. The petitioner was treated by an orthopedic surgeon, and underwent spinal surgery in November 2013. On March 5, 2014, April 29, 2014, and July 11, 2014, police surgeons, who were designated by the respondents to conduct examinations assessing the petitioner's capability of returning to work, found the petitioner to be able to work in a restricted/light-duty capacity, such as in an administrative role with no supervision of inmates.
The petitioner contested the police surgeons' reports, and a hearing was held before a hearing officer. In a determination dated January 16, 2015, the hearing officer found the petitioner to be capable of returning to work on restricted duty, directed that the petitioner submit to an examination by a police surgeon to reassess the appropriate restrictions under which he could return to work, and stated that a determination containing the hearing officer's full factual findings would be issued separately. On January 20, 2015, the hearing officer issued a second determination [*2]containing the relevant factual findings. The next day, the petitioner submitted to an examination by a police surgeon, who issued a report dated January 21, 2015, specifying the types of duties to which the petitioner could be assigned.
The petitioner's union filed a contract grievance and commenced a proceeding in the Supreme Court, Nassau County, seeking to enjoin the enforcement of the report of the police surgeon dated January 21, 2015, on the ground that, under the applicable collective bargaining agreement, it was the responsibility of the hearing officer, not a police surgeon, to determine the restrictions under which the petitioner was to return to work. In an order dated March 18, 2015, the Supreme Court vacated the determination dated January 16, 2015, pursuant to CPLR 7511 on the ground that the hearing officer exceeded or imperfectly executed her power such that a final and definite award was not made, and remitted the matter to the hearing officer to make the required determination. In a determination on remittal dated March 26, 2015, the hearing officer adopted the factual findings of the determination dated January 20, 2015, and specified the restrictions under which the petitioner was to work.
The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to review the hearing officer's determinations dated January 20, 2015, and March 26, 2015, respectively, on the ground, among others, that they were not supported by substantial evidence. In the order appealed from, the Supreme Court, inter alia, determined that the hearing officer's determinations could be reviewed pursuant to both CPLR articles 75 and 78. The court found that the hearing officer's determinations were supported by substantial evidence, and denied the petition.
Because the petition raises a question of whether the hearing officer's determinations were supported by substantial evidence, the Supreme Court should have transferred the proceeding to this Court (see CPLR 7804[g]). Nevertheless, because the complete record is now before this Court, we will treat the matter as one which has been transferred here and will review the hearing officer's determinations de novo (see Matter of Delgrande v Greenville Fire Dist., 132 AD3d 987, 988; Matter of Lowther v County of Rockland, 122 AD3d 845, 846; Matter of Sullivan v County of Rockland, 121 AD3d 700, 701; Matter of Konstas v Environmental Control Bd. of City of N.Y., 104 AD3d 689, 689).
Pursuant to General Municipal Law § 207-c, certain municipalities are required "to pay continued salary or wages to officers who sustain a disability in the course of their employment" (Matter of Park v Kapica, 8 NY3d 302, 310; see Matter of Farina v County of Orange, 133 AD3d 747, 749). The municipality is entitled to conduct a medical examination of the officer and, if the physician determines that the officer is able to perform specified types of light duty, the municipality may discontinue payment of the officer's full salary or wages if the officer refuses to return to work when a light-duty post is available and offered to the officer (see General Municipal Law § 207-c[1], [3]; Matter of Park v Kapica, 8 NY3d at 310; Matter of Farina v County of Orange, 133 AD3d at 749). If the officer challenges the medical finding and submits evidence from his or her treating physician to support a claim of "continued total disability," the termination of benefits payable under General Municipal Law § 207-c and an order to report for duty may not be enforced until an administrative hearing has been held (Matter of Park v Kapica, 8 NY3d at 310 [internal quotation marks omitted]; see Matter of Garvey v Sullivan, 129 AD3d 1078, 1081-1082).
Where, as here, the correction officer seeks such an administrative hearing, the hearing officer's determination following the hearing is subject to review pursuant to CPLR article 78 (see Matter of Nassau County Sheriff's Corr. Officers Benevolent Assn., Inc. v Nassau County, 137 AD3d 1145; Matter of Farina v County of Orange, 133 AD3d 747; see also Matter of Uniform Firefighters of Cohoes, Local 2562, IAFF, AFL-CIO v City of Cohoes, 94 NY2d 686, 692; Matter of Fennelly v Eastchester Fire Dist., 153 AD3d 1342). Judicial review of a determination of an administrative agency made after a hearing required by law is limited to consideration of whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Fennelly v Eastchester Fire Dist., 153 AD3d 1342; Matter of Farina v County of Orange, 133 AD3d at 748; Matter of Delgrande v Greenville Fire Dist., 132 AD3d at 988; Matter of Garvey v Sullivan, 129 AD3d at 1082; Matter of Solano v City of Mount Vernon, 108 AD3d 676, 676-677; Matter of [*3]Miserendino v City of Mount Vernon, 96 AD3d 946, 947). Substantial evidence is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Fennelly v Eastchester Fire Dist., 153 AD3d 1342; Matter of Farina v County of Orange, 133 AD3d at 748; Matter of Garvey v Sullivan, 129 AD3d at 1082; Matter of Miserendino v City of Mount Vernon, 96 AD3d at 947).
Here, the determinations dated January 20, 2015, and March 26, 2015, respectively, were supported by substantial evidence (see Matter of Farina v County of Orange, 133 AD3d at 749; Matter of Solano v City of Mount Vernon, 108 AD3d at 677). While the petitioner's treating orthopedic surgeon testified at the hearing that the petitioner should avoid certain physical activities, including lifting, pushing, pulling, and engaging in any kind of physical altercation, the orthopedic surgeon also testified that the petitioner was capable of performing functions such as answering telephones and opening mail, as long as he was able to take frequent breaks. The police surgeons each noted in their reports the petitioner's physical limitations and the pain medication he was taking, and each concluded that he was capable of returning to work in a restricted/light-duty capacity. The hearing officer had the duty of weighing that evidence and making a determination (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 182; Matter of Delgrande v Greenville Fire Dist., 132 AD3d at 988; Matter of Solano v City of Mount Vernon, 108 AD3d at 677; Matter of Miserendino v City of Mount Vernon, 96 AD3d at 948), and the finding that the petitioner was able to return to work on restricted duty was supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 182).
The respondents' remaining contention is without merit.
Accordingly, the determinations must be confirmed, the petition denied, and the proceeding dismissed.
CHAMBERS, J.P., ROMAN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court