Matter of Fortuna v City of White Plains (2019 NY Slip Op 02092)





Matter of Fortuna v City of White Plains


2019 NY Slip Op 02092


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-10954
 (Index No. 2064/16)

[*1]In the Matter of Ugo Fortuna, petitioner, 
v
City of White Plains, et al., respondents.


Bartlett, McDonough & Monaghan, LLP, White Plains, NY (Jason Lewis and Nicholas Switach of counsel), for petitioner.
John G. Callahan, Corporation Counsel, White Plains, NY (Doreen Lusita-Rich of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Public Safety of the City of White Plains dated January 27, 2016. The determination adopted the recommendation of a hearing officer dated January 4, 2016, made after a hearing, denying the petitioner's application for certain benefits pursuant to General Municipal Law § 207-a.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the City of White Plains as a firefighter. On July 7, 2010, he sustained an on-the-job injury. He returned to light-duty work for a short period of time, but was on sick leave from December 2010 until he retired in February 2013. In October 2013, pursuant to a procedure in a newly adopted collective bargaining agreement, the petitioner retroactively applied to convert the sick leave benefits he received as a result of the accident to salary benefits pursuant to General Municipal Law § 207-a(1), and he also applied for benefits under General Municipal Law § 207-a(2), to supplement his disability retirement benefits. The City awarded the petitioner salary benefits pursuant to General Municipal Law § 207-a(1) only for the periods of July 7, 2010, through August 8, 2010, and December 16, 2010, through February 10, 2011, and denied his application for General Municipal Law § 207-a(2) benefits.
The petitioner appealed the City's determination and requested a hearing. The hearing officer credited the testimony of the City's expert, Warren Silverman, a physician, finding his testimony "to be far more persuasive and far more consistent with the medical record than anything else suggested otherwise." The hearing officer found the City's initial determination that the petitioner was not eligible to receive General Municipal Law § 207-a(2) benefits to be reasonable. As for the City's initial determination regarding benefits under section 207-a(1), the hearing officer recommended extending the date of the petitioner's benefits from February 10, 2011, to June 14, 2011. The City accepted the recommendation and adopted the hearing officer's determination. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the City's denial of additional benefits.
Judicial review of an administrative determination made after a hearing required by law at which evidence is taken is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; Matter of Solano v City of Mount Vernon, 108 AD3d 676, 676-677). Here, the hearing officer's determination is supported by substantial evidence (see Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 180-181; Matter of Solano v City of Mount Vernon, 108 AD3d at 677; Matter of Refino v City of Mount Vernon, 104 AD3d 693; Matter of Davenport v City of Mount Vernon, 96 AD3d 838, 838-839. Contrary to the petitioner's assertions, the testimony of the City's expert was supported by the medical evidence, and the hearing officer was free to credit the testimony and report of that expert over any conflicting physicians' opinions contained in the petitioner's medical records (see Matter of Solano v City of Mount Vernon, 108 AD3d at 677; Matter of Refino v City of Mount Vernon, 104 AD3d at 693; Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947; Matter of Davenport v City of Mount Vernon, 96 AD3d at 839).
The petitioner's remaining contentions are either without merit or precluded from judicial review (see Matter of Solano v City of Mount Vernon, 108 AD3d at 677-678).
DILLON, J.P., CHAMBERS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court