Matter of Sica v City of Mount Vernon (2020 NY Slip Op 00597)





Matter of Sica v City of Mount Vernon


2020 NY Slip Op 00597


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-02808
 (Index No. 1824/18)

[*1]In the Matter of Joseph Sica, petitioner, 
v
City of Mount Vernon, respondent.


Baker Leshko Saline & Drapeau, LLP, White Plains, NY (Anthony C. Saline of counsel), for petitioner.
Coughlin & Gerhart, LLP, Binghamton, NY (Paul J. Sweeney and Angelo D. Catalano of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Fire Commissioner of the City of Mount Vernon, dated January 25, 2018, adopting the recommendation of a hearing officer dated January 22, 2018, which, after a hearing, upheld the initial determination of the Fire Commissioner of the City of Mount Vernon dated April 28, 2017, denying the petitioner's application for supplemental benefits pursuant to General Municipal Law § 207-a(2).
ADJUDGED that the determination dated January 25, 2018, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed by the City of Mount Vernon Fire Department (hereinafter the City). Over the course of his employment, he sustained a number of on-the-job injuries, the most recent of which occurred on September 5, 2014. The petitioner was awarded benefits pursuant to General Municipal Law § 207-a(1) based on the September 5, 2014, incident. In 2016, the petitioner's application to receive retirement disability benefits from the State of New York pursuant to Retirement and Social Security Law § 363-c was approved. That same year, the petitioner applied for supplemental benefits pursuant to General Municipal Law § 207-a(2). The Fire Commissioner of the City of Mount Vernon denied the application on the ground that the petitioner did not have a permanent disability causally related to his on-the-job injury, and that his disability,
if any, was due to a preexisting non-work-related injury. The petitioner appealed, and a hearing was conducted pursuant to the terms of the parties' collective bargaining agreement. The hearing officer issued a report of findings and recommendation, concluding that the report and testimony of the City's expert, Harvey Seigel, a physician, supplied substantial evidence to support the City's determination denying the petitioner's application for supplemental benefits. The City adopted the hearing officer's recommendation. The petitioner commenced this proceeding pursuant to CPLR article 78 to review the City's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176; see also Matter of Fortuna v City of White Plains, 170 AD3d 1011, 1012; Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947). "Substantial evidence means more than a mere scintilla of evidence,' and the test [*2]of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273). "The courts may not weigh the evidence or reject the choice made by [an agency] where the evidence is conflicting and room for choice exists" (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [internal quotation marks omitted]). "Moreover, where there is conflicting expert testimony, in making a General Municipal Law § 207-a determination, a municipality is free to credit one physician's testimony over that of another'" (Matter of Solano v City of Mount Vernon, 108 AD3d at 677, quoting Matter of Bernhard v Hartsdale Fire Dist., 226 AD2d 715, 716; see Matter of Delgrande v Greenville Fire Dist., 132 AD3d 987, 988-989). "Thus, even if conflicting medical evidence can be found in the record,' the municipality's determination, based on its own expert's conclusions, may still be supported by substantial evidence" (Matter of Solano v City of Mount Vernon, 108 AD3d at 677, quoting Matter of Bernhard v Hartside Fire Dist., 226 AD2d at 717; see Matter of Delgrande v Greenville Fire Dist., 132 AD3d at 989).
Here, the hearing officer's determination is supported by substantial evidence. Contrary to the petitioner's contentions, the testimony of the City's expert was consistent as to the issues relevant to this appeal, and was supported by the medical evidence. The hearing officer was free to credit the report and testimony of the City's expert over conflicting medical opinions in the record (see Matter of Fortuna v City of White Plains, 170 AD3d at 1011; Matter of Solano v City of Mount Vernon, 108 AD3d at 677; Matter of Miserendino v City of Mount Vernon, 96 AD3d at 947-948). Moreover, as the petitioner acknowledged, the New York State Comptroller's decision awarding the petitioner disability retirement benefits was not binding on the City in a separate proceeding to determine eligibility for benefits under General Municipal Law § 207-a(2) (see Matter of Cook v City of Utica, 88 NY2d 833, 835; Matter of Miserendino v City of Mount Vernon, 96 AD3d at 948).
AUSTIN, J.P., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court