Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland (2022 NY Slip Op 00669)





Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland


2022 NY Slip Op 00669


Decided on February 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2018-07159 DECISION, ORDER & JUDGMENT
 (Index No. 1655/17)

[*1]In the Matter of Rockland County Sheriff's Deputies Association, et al., appellants, 
v
County of Rockland, et al., respondents. Bartlett LLP, White Plains, NY (John P. Quartucio of counsel), for appellants.


Coughlin & Gerhart, LLP, Binghamton, NY (Lars P. Mead of counsel), for respondents.



In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent County of Rockland Sheriff's Office dated June 22, 2017, which adopted the determination of a hearing officer dated June 16, 2017, made after a hearing, affirming the denial of the petitioner Erica DeFilippo's application for benefits pursuant to General Municipal Law § 207-c, the petitioners appeal from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated April 23, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the appeal is dismissed and the judgment is vacated; and it is further,
ADJUDGED that the determination of the respondent the County of Rockland Sheriff's Office dated June 22, 2017, is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In August 2007, the petitioner Erica DeFilippo, a sheriff's deputy in Rockland County, sustained injuries as a result of a car accident that occurred while she was on the job. DeFilippo received benefits pursuant to General Municipal Law § 207-c until April 2008, when she returned to work in full capacity. In 2011, DeFilippo was assigned to the mounted unit of the County of Rockland Sheriff's Office (hereinafter Sheriff's Office). In advance of taking that assignment, DeFilipo's chiropractor provided her with a letter stating that she was able to "function in all capacities and has resumed all physical routines that she was able to perform prior to the accident."
In 2016, DeFilippo filed an application for General Municipal Law § 207-c benefits, alleging a disability attributable to the injuries that she sustained in 2007. The Sheriff of the County of Rockland denied her application on the ground that her current disability was not attributable to a work-related injury. DeFilippo appealed that determination. Following an evidentiary hearing, a hearing officer affirmed the denial of DeFilippo's application, and the Sheriff's Office adopted the hearing officer's determination. Thereafter, the petitioners commenced this proceeding pursuant to [*2]CPLR article 78, inter alia, to review the determination of the Sheriff's Office. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
We agree with the petitioners' contention that the Supreme Court should have transferred this proceeding to this Court pursuant to CPLR 7804(g), since the petition raises a question of whether the challenged administrative determination is supported by substantial evidence. Nevertheless, because the complete record is now before this Court, we will treat the matter as one transferred here and will review that determination de novo (see Matter of Delgrande v Greenville Fire Dist., 132 AD3d 987, 988; Matter of Figueroa v Rhea, 120 AD3d 814, 814; Matter of Whitehead v New York City Hous. Auth., 102 AD3d 974, 974-975).
Judicial review of the subject determination is limited to whether that determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Fortuna v City of White Plains, 170 AD3d 1011, 1012; Matter of Campo v City of Mount Vernon, 156 AD3d 694, 694). "Substantial evidence means more than a 'mere scintilla of evidence,' and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273).
"When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (Matter of Solano v City of Mount Vernon, 108 AD3d at 677 [internal quotation marks omitted]; see Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947). "Moreover, where there is conflicting expert testimony, in making a General Municipal Law § 207-[c] determination, a municipality is free to credit one physician's testimony over that of another" (Matter of Solano v City of Mount Vernon, 108 AD3d at 677 [internal quotation marks omitted]; see Matter of Segura v City of Long Beach, 230 AD2d 799, 800).
Here, the hearing officer's determination is supported by substantial evidence. The testimony and evidence provided by the respondents' experts was supported by medical evidence and the hearing officer was free to credit that testimony over the testimony of DeFilippo's experts (see Matter of Davenport v City of Mount Vernon, 110 AD3d 1071, 1072-1073; Matter of Solano v City of Mount Vernon, 108 AD3d at 677).
Contrary to the petitioners' contention, DeFilippo was not entitled to receive General Municipal Law § 207-c benefits pending a determination by the hearing officer. Although a recipient of such benefits is entitled to a due process hearing prior to the suspension or reduction of those benefits (see Matter of DeMasi v Benefico, 34 AD3d 472, 473), the evidence presented at the hearing demonstrated that DeFilippo was not receiving such benefits when she applied for benefits in 2016, and that she had, in fact, returned to unrestricted duty eight years earlier (see General Municipal Law § 207-c[1]; Matter of Miele v Town of Clarkstown, 299 AD2d 362, 362; Matter of Hensel v City of Utica, 115 AD3d 1217, 1218). Accordingly, the Sheriff's Office properly treated her application as one for new benefits. Similarly, the petitioners' reliance on a section of the collective bargaining agreement entitled "Termination of Benefits" is misplaced because that section applies only where the County of Rockland seeks to terminate existing benefits on the ground that the claimant is no longer disabled.
The petitioners' remaining contention is without merit.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court