Matter of McLaughlin v County of Rockland (2024 NY Slip Op 00316)

Matter of McLaughlin v County of Rockland

2024 NY Slip Op 00316

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2022-00097
 (Index No. 34192/21)

[*1]In the Matter of William McLaughlin, etc., petitioner, 
v
County of Rockland, et al., respondents.

McIntyre, Donohue, Accardi, Salmonson and Riordan LLP, Bay Shore, NY (David C. Donohue of counsel), for petitioner.
Coughlin & Gerhart, LLP, Binghamton, NY (Lars P. Mead of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of a hearing officer dated March 18, 2021. The determination, after a hearing, confirmed a determination of the County of Rockland Sheriff's Office dated December 12, 2018, which denied the petitioner's application for benefits pursuant to General Municipal Law § 207-c.
ADJUDGED that the petition is granted, on the law, with costs, the determination dated March 18, 2021 is annulled, and the petitioner's application for benefits pursuant to General Municipal Law § 207-c is granted.
On March 27, 2018, while working as a correction officer with the County of Rockland Sheriff's Office (hereinafter the Sheriff's Office), the petitioner allegedly sustained an injury to his lower back during a defensive tactics training session. The petitioner filed an application for benefits pursuant to General Municipal Law § 207-c with the Sheriff's Office, which was denied on June 14, 2018, by Sheriff Louis Falco III (hereinafter the Sheriff) due to a lack of medical documentation. By letter dated June 15, 2018, the petitioner appealed the denial of General Municipal Law § 207-c benefits. Thereafter, the petitioner attended an independent medical examination (hereinafter IME) administered by Harvey Siegel on September 28, 2018, pursuant to which a report was issued. Siegel issued an addendum to the report dated December 5, 2018. On December 12, 2018, the Sheriff issued a second denial of General Municipal Law § 207-c benefits on the ground that the petitioner did not sustain a causally related injury based on the IME report and addendum. On December 18, 2018, the petitioner appealed the Sheriff's determination and requested a hearing. The Sheriff appointed a hearing officer, and, after conducting a hearing over three days, the hearing officer issued a determination dated March 18, 2021, determining that the Sheriff's denial of the petitioner's application for General Municipal Law § 207-c benefits was supported by substantial evidence and denying the petitioner's application for such benefits. The petitioner returned to work, full duty, on March 30, 2019.
Subsequently, the petitioner commenced this proceeding pursuant to CPLR article 78 to annul the hearing officer's determination and to award the petitioner General Municipal Law § 207-c benefits. In an order dated December 21, 2021, the Supreme Court transferred the [*2]proceeding to this Court pursuant to CPLR 7804(g).
Contrary to the respondents' contention, the Supreme Court properly transferred this proceeding to this Court pursuant to CPLR 7804(g), since the petition raises a question of whether the challenged administrative determination was supported by substantial evidence (see Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland, 202 AD3d 693, 694; Matter of Sica v City of Mount Vernon, 179 AD3d 1073, 1073).
Judicial review of the subject determination is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland, 202 AD3d at 694; Matter of Sica v City of Mount Vernon, 179 AD3d at 1074; Matter of Farina v County of Orange, 133 AD3d 747, 748). "Substantial evidence means more than a 'mere scintilla of evidence,' and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273; see Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland, 202 AD3d at 694).
"When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (Matter of Solano v City of Mount Vernon, 108 AD3d at 677 [internal quotation marks omitted]; see Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland, 202 AD3d at 694; Matter of Miserendino v City of Mount Vernon, 96 AD3d 946, 947). "Moreover, where there is conflicting expert testimony, in making a General Municipal Law § 207-[c] determination, a municipality is free to credit one physician's testimony over that of another" (Matter of Solano v City of Mount Vernon, 108 AD3d at 677 [internal quotation marks omitted]; see Matter of Rockland County Sheriff's Deputies Assn. v County of Rockland, 202 AD3d at 694; Matter of Segura v City of Long Beach, 230 AD2d 799, 800).
Pursuant to General Municipal Law § 207-c, police officers and other covered municipal employees who are injured in the performance of their duties are entitled to payment of the full amount of their regular salary or wages from their municipal employer (see General Municipal Law § 207-c[1]; Matter of Theroux v Reilly, 1 NY3d 232, 239). To demonstrate entitlement to those benefits, the injured employee must prove a direct causal relationship between his or her job duties and the resulting injury (see Matter of White v County of Cortland, 97 NY2d 336, 340). "Preexisting non-work-related conditions do not bar recovery under [General Municipal Law] section 207-c where petitioner demonstrates that the job duties were a direct cause of the disability" (id. at 340).
Here, the hearing officer relied on the conclusions of Siegel in the IME report and addendum, and determined that they constitute substantial evidence supporting the denial of the petitioner's application for General Municipal Law § 207-c benefits. Although Siegel opined that the alleged incident on March 27, 2018, exacerbated the petitioner's preexisting lumbar spine condition, he concluded that the incident did not result in the petitioner being disabled from work. His opinion was conclusory and unsupported by the evidence. Moreover, upon being questioned as to whether he had an opinion about whether the petitioner experienced a causally related period of disability relative to the March 27, 2018 incident, he responded that he could not say with certainty.
Therefore, the denial of the petitioner's application for General Municipal Law § 207-c benefits was not supported by substantial evidence (see Matter of Farina v County of Orange, 133 AD3d at 749). Accordingly, we grant the petition, annul the hearing officer's determination dated March 18, 2021, and grant the petitioner's application for benefits pursuant to General Municipal Law § 207-c.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court